Ryan and another vs. Schwartz and another.

RYAN and another, Respondents, vs. SCHWARTZ and another, Appellants.

*November 4 — November 24, 1896.*

*Highways: Obstruction: Private nuisance: Abatement: Remedy at law: Waiver: Adverse possession: Evidence: Tacking.*

1. The fact that the owners of land have dedicated a strip to public use for a street would not bar them from maintaining an appropriate action against persons occupying or incumbering such

94 403
99 270

94 403
a106 507
e106 510
f106 511
f106 512

Ryan and another vs. Schwartz and another.

street in a manner inconsistent with or repugnant to their dedication or grant, since they would still retain the fee.

2. The owners of lots abutting on, and of the fee of, a highway may maintain an action to abate as a private nuisance a building placed partly in such highway so that it shut off their view, obstructed the street, and decreased the value of their abutting property, the remedy by ejectment not being as plain and adequate, nor as practical and efficient to the ends of justice and its prompt administration, as the remedy in equity.

3. The objection that an action is one of which a court of equity has no jurisdiction is waived, if not formally taken by demurrer or answer.

4. Evidence showing simply occupancy and use of premises by a person other than the owner is insufficient to establish adverse possession, evidence that such occupancy was hostile to the title of the true owner being also essential.

5. In order that an occupant claiming premises adversely may tack his possession to that of the person under whom he claims, for the purpose of establishing the statutory bar, the particular premises claimed must have been in fact embraced in the deed or transfer to him in whatever form it may have been made.

APPEAL from a judgment of the county court of Waukesha county: M. S. GRISWOLD, Judge. *Affirmed.*

This was an action in equity for the abatement of an alleged private nuisance. Plaintiffs allege that they are the owners of divers lots, describing them, situate in the village of Waukesha, and all fronting on Buckley street in that village; that the defendant *Anna Mary Schwartz* is the owner of lot 2, block A, in Gale, Barstow & Lockwood's plat of said village, and with the defendant *William Schwartz,* her husband, is in possession and control of the same; that the defendants have upon said lot 2 a large building, used for hotel purposes, known as the Arcade House, and that it encroaches upon said Buckley street, along the side of lot 2, eleven feet, and that they refused to remove said building, and threaten to permit it to stand upon said street for all time to come; that Buckley street had been platted by the plaintiffs, and the plat had been duly recorded in the office

of the register of deeds, November 23, 1893, though said street had not been formally accepted by the president and trustees of the village; that said building, so standing and maintained on said street, is an injury and damage to the property of the plaintiffs, by reason of shutting off the view up said street, and of narrowing the space for travel thereon to about thirty-nine feet, instead of fifty feet, its full width, and decreases the value of their said property which abuts on said street very materially; that the full width of said street is necessary to the plaintiffs, in order to enable them to derive the full use and enjoyment of their property; and that they have already been damaged $500 by reason of the defendants' maintaining said building on said street. It was charged that the defendants had commenced to build, and threatened to complete and maintain, a sidewalk six feet wide along Buckley street, next to said Arcade House, the full depth of said lot 2 on said street, thereby so narrowing the street that it would not be suitable for driving purposes, and by which the value of the plaintiffs' said property would be greatly diminished, causing irreparable injury and damage thereto; that, if the plaintiffs should remove said sidewalk, the defendants would replace it, whereby a multiplicity of suits between the parties would ensue. It appeared that Buckley street had been platted and laid out on and along lot 1 in said block A wholly on lands belonging to the plaintiffs. Judgment was demanded for a mandatory injunction to compel the defendants to abate said nuisance and said building upon Buckley street, and for a perpetual injunction restraining them from building any sidewalks upon the south side of said street along the north line of lot 2, and for other relief, etc.

The defendants, among other things, insisted in their answer, and in various forms, that the Arcade House had been erected thirty years before the action was brought, upon solid stonework built deep into the ground, and had ever

Ryan and another vs. Schwartz and another.

since been, with the adjoining premises, in the quiet, continued, uninterrupted, and peaceable possession and enjoyment of the defendants and their grantors, used as a homestead, and at times for hotel purposes, and that the west thirty-five feet of Buckley street along the entire length of said lot 2, for 150 feet, was and had been so held as aforesaid by the defendants and their grantors, claiming title thereto adversely to all persons, as a passageway from the rear of the Arcade House to the public street, and other buildings on said lot 2, and that they and their grantors had so been in the actual and adverse possession for more than twenty years before the commencement of the action. The defendants demanded a trial of the issue by jury, which was denied. They demurred to the complaint, *ore tenus*, on the ground that the complaint did not state facts sufficient to constitute a cause of action in equity, but the demurrer was overruled.

The court found the allegations of the complaint, in substance, to be true, and that, before the action was commenced, the defendants were requested to remove said building from Buckley street, which encroached thereon eleven feet, but they refused so to do, and insisted that it should remain as built; that such encroachment caused great injury and damage to the plaintiffs, by partially shutting out the view from the plaintiffs' property and narrowing the street, as stated in the complaint; that said building, so maintained, was a special injury to the plaintiffs' said property, to such an extent as to make said building a continuous nuisance thereto, and such injury would constantly occur from day to day; that there was no adequate remedy at law, and the injury was not susceptible of adequate compensation in damages; and that by reason of said nuisance the plaintiffs' comfort and enjoyment of use and occupation of their property was impaired, and its value materially diminished. The court found that the plaintiffs' claim in respect

to the building of the sidewalk was true, and that, before bringing the action, they lawfully removed such sidewalk from the street, but the defendants threatened to rebuild the same, and that, if they were permitted to do so, it would lead to multiplicity of suits between the parties. The court awarded the plaintiffs six cents damages, and gave judgment granting a permanent injunction, restraining the defendants, their agents, servants, etc., from constructing or causing to be constructed a sidewalk upon Buckley street until said Arcade House should be removed therefrom in accordance with the judgment of the court, and that said Arcade House, the nuisance complained of, or such part thereof as encroached upon Buckley street, be abated and removed. Judgment was rendered accordingly, and for costs, against the defendants, from which they appealed. Such other facts as are material are stated in the opinion.

For the appellants there was a brief by *Carney, Clasen & Walsh*, and oral argument by *E. Walsh*.

For the respondents there was a brief by *Ryan & Merton*, and oral argument by *T. E. Ryan*.

PINNEY, J.    1. For the want of a proper plat of the premises in dispute, and the immediate surroundings, it is impossible to get a clear understanding of the testimony and the real situation. We understand, however, that it is reasonably clear that lot No. 1 and lot No. 2 of Gale, Barstow & Lockwood's plat of Waukesha adjoin,— the former lying immediately north of lot 2, belonging to the defendants,— and that the plaintiffs claim title to that part of lot 1 lying opposite the Arcade House, and that Buckley street has been laid out and platted on that part of said lot. If the plaintiffs acquired title to the premises in dispute, the fact that they have since dedicated the strip in dispute to public use for a street would not bar or preclude them from maintaining ejectment or other appropriate action against a permanent

incumbrancer or occupier, inconsistent with or repugnant to the party's dedication or grant, as they would still retain the fee, having granted only an easement over the land. *Gardiner v. Tisdale*, 2 Wis. 153; *Davis v. New York*, 14 N. Y. 506.

The complaint, we think, states facts sufficient to constitute a cause of action for a private nuisance. Any obstruction of a vested right, whether it is a public nuisance or not, is such a special injury as would support an action at the suit of an individual; and so, too, any erection made or obstruction placed upon that part of the highway or street in which the party complaining owns the fee. This is clearly so where there has been a grant or dedication of the premises for the public use as a highway or street. Wood, Nuisances, § 697. The injury in the present case is continuing in its character, and it is alleged that it injuriously affects the value of the use and the enjoyment of the plaintiffs' lots abutting on and along Buckley street. There can be no doubt, under such circumstances, that if the defendants have no lawful title to the strip in question, or right to maintain the Arcade House thereon, a court of equity would entertain jurisdiction of the case, and decree an abatement of the nuisance, with such provision by way of injunction as may be proper. It is contended that the remedy of the plaintiffs was by ejectment, and that the complaint does not state facts sufficient to constitute a cause of action in equity. As to the injury or inconvenience to the lots abutting on Buckley street, and the plaintiffs' use and enjoyment thereof, it would seem that ejectment could not be maintained. Wood, Nuisances, § 98. The fact that the plaintiffs have a legal remedy, however, is not material. The question is, under the circumstances of the case, whether the legal remedy is adequate to redress the particular injury complained of. If the legal remedy does not afford that relief to which the plaintiffs are entitled, the smallness of the

damage on the one hand, or the magnitude of the interest to be affected on the other, will not bar or prevent the exercise of the preventive power of the court. Ordinarily, a substantial right of property must be affected, and the injury be of such character as to support an action at law. The injury must be tangible, or the enjoyment or use of the plaintiffs' property must be materially impaired. Wood, Nuisances, §§ 787, 788; *Janesville v. Carpenter*, 77 Wis. 288;. *Stadler v. Grieben*, 61 Wis. 500; *Pennoyer v. Allen*, 56 Wis. 502. The case stated, and found proved by the court upon what we must regard as sufficient evidence, is clearly one where an action of ejectment or otherwise at law would be an incomplete and inadequate remedy. It would be of but little use to the plaintiffs, so far as the matter of nuisance is. concerned, to recover the strip, eleven feet wide, upon which a corresponding portion of the Arcade House is situated and unlawfully maintained. Abatement or removal of that portion of the building becomes necessary. Besides, the recovery of that particular part of Buckley street, and the part of the Arcade House situate thereon, would not give to the plaintiffs any relief as to their lots, upon which there has been no actual intrusion, and which are, as stated, so injuriously affected. In addition there is the consideration that a multiplicity of actions at law for damages may ensue. It is not enough to exclude the remedy in equity that there is a remedy at law, but it must be plain and adequate,— in other words, as practical and efficient to the ends. of justice and its prompt administration as the remedy in equity. *Gullickson v. Madsen*, 87 Wis. 19, and cases cited. The court properly refused the demand for a trial by jury, and overruled the objection that the plaintiffs' complaint did not state facts sufficient to constitute a cause of action in equity. The objection that the case was one of which a court of equity had no jurisdiction had been waived, it not having been formally taken by demurrer or answer. *Meyer v. Garthwaite*, 92 Wis. 572.

Ryan and another vs. Schwartz and another.

2. The evidence tends to show that A. F. Pratt occupied the Arcade House and adjacent ground as early as 1851 for a homestead. He obtained a legal title to both lot 1 and lot 2 of block A in Gale, Barstow & Lockwood's plat of Waukesha March 21, 1856, and mortgaged both lots to Benjamin Pierce December 30, 1858. They were subsequently sold and conveyed, August 6, 1862, by a sheriff's deed, upon foreclosure of the mortgage, to the mortgagee. Up to this time the possession and legal title appear to have been coincident in Pratt. Pierce conveyed both lots to M. D. Cutler May 4, 1865. Pratt continued to occupy lot 2 and the Arcade House as his homestead from the time they were sold and conveyed to Pierce until his death in 1874. M. D. Cutler conveyed lot 2 to Antoinette Pratt March 27, 1867, and she conveyed the same to A. F. Pratt April 15, 1870. So it would seem that Pratt, by accepting this conveyance, acquiesced in the validity of the foreclosure and title which had passed to Cutler. The defendant *Anna M. Schwartz* acquired title to said lot 2 by conveyance thereof from the heirs of A. F. Pratt January 8, 1885, but this conveyance did not by its terms include or describe the strip in dispute, and she got no title to it by that deed. Cutler continued to own lot 1, of which the strip in dispute is a part, until November 23, 1893, when he conveyed the same to the plaintiffs. The evidence is not sufficient to show that either Pratt or his heirs, at the time of the conveyance to the defendant *Anna M. Schwartz,* had acquired title to the strip in question by adverse possession. Indeed, the evidence wholly fails to show that the holding of Pratt or of his heirs was hostile or adverse to the title of Cutler. The testimony shows simply occupancy and use. The law has been settled in this state, by repeated decisions, that evidence of adverse possession is always to be construed strictly, and every presumption is to be made in favor of the true owner. The defense of adverse possession is not to be made out by inference, but by clear and positive proof; and one in possession

of land to which he has no claim of title is presumed to be in possession in amity with and in subservience to the legal title of the real owner. A party making the defense of adverse possession must overcome the presumption that the occupation by one of premises to which another holds the legal title is deemed to have been under and in subordination to such title, unless it appears that such premises have been held and possessed adversely to such legal title for the statutory period of limitation, and must show, not only the adverse character of the possession upon which he relies, but that it has been continuously adverse for the requisite period. As the defendant *Anna M. Schwartz* never obtained a conveyance of the disputed strip, unless it had been continuously held adversely to the title of the plaintiffs for a period of twenty years before this action was brought, the defense fails. Up to the time that Cutler acquired title to lot 1, May 4, 1865, there is nothing to show or warrant the inference that there had been any possession of lot 1 by Pratt which was in fact hostile or adverse to the title of the true owner, nor that thereafter his possession, or the possession of his heirs, was in fact of an adverse or hostile character. To constitute adverse possession there must be the fact of possession and the hostile intention,— the intention to usurp possession. Mere permissive possession is never a basis for the statute of limitations. The successive possessions of several distinct occupants of land, between whom no privity exists, cannot be tacked or united to make up the requisite period of the statute bar. While it is not neces-sary, in order to create such privity as will enable a subsequent occupant to tack his possession to that of the prior occupant, that there should be a conveyance in writing, and although such prior possession may be transferred by parol, yet it must clearly appear that the particular premises, as in this case the strip in dispute, were in fact embraced in the deed or transfer in whatever form it may have been made.

No presumption can be. indulged in on this subject. The defendants wholly failed to show any such transfer of the possession of the strip in dispute as would enable them to tack the previous possession of Pratt and his heirs, if adverse, to their possession, in order to make out the statutory bar. These views are decisive against the defendants' claim, and are sustained by the following cases: *Sydnor v. Palmer*, 29 Wis. 252; *Graeven v. Dieves*, 68 Wis. 317; *Ablard v. Fitzgerald*, 87 Wis. 516; *Allis v. Field*, 89 Wis. 327. The judgment of the county court is correct.

*By the Court.*— The judgment of the county court of Waukesha county is affirmed.