ST. CROIX CONSOLIDATED COPPER COMPANY, Respondent, vs. MUSSER-SAUNTRY LAND, LOGGING & MANUFACTURING COMPANY and another, Appellants.

*February 4—February 21. 1911.*

*Nuisances: Abatement: Pleading: Sufficiency of complaint: Alleging ownership of land.*

1. Sec. 3180, Stats. (1898), relating to actions to recover damages for and to abate private nuisances, is substantially a declaration of the unwritten law, with added features and simplification of procedure.
2. Upon a demurrer to the complaint it is immaterial whether the pleader intended to state a cause of action in equity or one at law, the sole question being whether sufficient facts are stated to entitle plaintiff to some relief against defendant within the competency of the court to grant.
3. In an action to recover damages for injury to lands through the flooding thereof by means of a dam and to abate the nuisance, a complaint alleging plaintiff's present ownership of the lands and that by the operation of the dam during the past three years he has suffered damage, is *held* to allege inferentially his ownership during the period in question and to be sufficient in that particular, though not expressly alleging such ownership.

APPEAL from an order of the circuit court for Douglas county: A. J. VINJE, Circuit Judge. *Affirmed.*

Action to recover damages caused by unlawful flooding of plaintiff's lands.

Plaintiff, in form, stated several causes of action relating to as many alleged unlawful dams. One claim is an exact type of all. It may be thus briefly stated:

The defendant *Musser-Sauntry Land, Logging & Manufacturing Company,* without legislative authority, constructed a dam across a navigable stream in this state (specifying the stream), and is now the owner thereof. Defendant *St. Croix Timber Company* has operated such dam for more than three years and, in concert with its codefendant, threatens to and will continue to do as heretofore, unless prevented by judicial restraint. The dam is maintained and operated for controlling the flow of the stream by accumulating a large quantity of water and then opening the gates and emptying the pond. The result is that when the volume of water is augmented above the dam as aforesaid it overflows the banks of the stream onto lands owned by plaintiff, specifying the same, carrying *debris* thereon to its damage; and when the flow of water below the dam is augmented as aforesaid, it overflows the banks onto lands owned by plaintiff, specifying the same, depositing *débris* thereon, to its damage. By reason of the interferences with plaintiff's property, as stated, it has suffered damages in the sum of $1,000. The existence and operation of the dam is a nuisance.

Judgment was demanded for the several claims, an abatement of the alleged nuisances, and a temporary restraining order.

Defendants separately demurred to the complaint, *first,* for insufficiency; *second,* for improperly uniting causes of action.

The demurrers were overruled.

For the appellants there was a brief by *Luse, Powell & Luse,* and oral argument by *C. Z. Luse.*

For the respondent the cause was submitted on the brief of *Crownhart & Foley.*

MARSHALL, J. Counsel for appellants assume that whether the facts stated in the complaint constitute a cause of action

against either defendant must be tested by sec. 3180, Stats. (1898), and then argue that such facts do not answer the calls of such section for an action at law or a suit in equity. Without conceding that the statute is exclusive we may well say that it is substantially a declaration of the unwritten law with added features and simplification of procedure.

The first suggestion is that there is uncertainty in the complaint as to whether the pleader intended to state a cause of action in equity or one at law. That, of course, is not material. The sole question on a demurrer for insufficiency is, Does the pleading state facts sufficient to entitle the plaintiff to some judicial relief against the adverse party within the competency of the court to grant? In case of the purpose being to state a cause of action of one kind for which the facts related are insufficient though good for some other kind, and regardless of whether the prayer is appropriate to the latter, the complaint will nevertheless be proof against a general demurrer. Such is the broad spirit of the Code constructed to aid in administering justice with as much simplicity, certainty, economy, expedition, and with as little of penalizing of litigants for mistakes or negligence or ignorance of counsel, as practicable. However, very little, if anything, of the saving grace of the statute is necessary to sustain the pleading under consideration, as we shall see. It is brief, concise, and free from every feature of side-stepping from the mere statement of facts required by the Code.

It is argued that the complaint is not good for legal relief under sec. 3180, Stats. (1898), because it does not state, as to either cause of action, ownership of the land in respondent, except presently; does not allege that it was owner for any part of the period of three years during which the damages sought to be recovered are said to have occurred. It is considered otherwise. True, there is no express allegation in respect to the matter. It were better that there were one, but absence thereof is not vital. If ownership during the period the wrongs are said to have been done is alleged by

reasonable inference, that is sufficient on a general demurrer.

The allegation, "that by reason of the use and operation of said dam as aforesaid during the past three years, the plaintiff has suffered damage," etc., which is found in each cause of action, is reasonably pregnant with the assertion that during such three years plaintiff was in a situation with reference to the property to be thus damaged, in that he was the owner thereof. Looking at the allegation in the light of the pleading, as a whole, ownership of the land during the vital period is inferentially alleged.

It is suggested that the complaint does not state an equitable cause of action because it does not allege that the injury is irreparable, or the existence of circumstances within the calls of sec. 3180, Stats. (1898). In view of the foregoing such suggestion might be left undecided, but we will say in passing that no difficulty is perceived in respect to it. The section provides for use of the equitable remedy either in case the nuisance "may work an irreparable injury, interminable litigation, a multiplicity of actions, or either, or the injury is continuous and constantly recurring, or there is not an adequate remedy at law, or the injury is not susceptible of adequate compensation in damages at law." No argument seems necessary to point out that the facts alleged satisfy several of such essentials, either one of which is sufficient. In the very nature of things, the conduct complained of as threatened, in the light of the wrongs alleged, may occur and cause "interminable litigation or a multiplicity of actions" "or the injury be continuous or constantly recurring."

Some other suggestions are made in the briefs of counsel for appellants, all of which have received due consideration. Such other matters, however, do not appeal to us as being of sufficient moment to merit more than a passing notice.

*By the Court.*—The order is affirmed.

VINJE, J., took no part.