MIDLAND EMPIRE PACKING CO., Appellant, v. YALE OIL CORPORATION OF SOUTH DAKOTA, Respondent.

No. 8639

Submitted April 12, 1946. Decided June 4, 1946.

169 Pac. (2d) 732

Mr. H. C. Crippen and Mr. M. J. Lamb, both of Billings, for appellant.

Messrs. Coleman, Jameson & Lamey, and Mr. Harry C. Chapman, all of Billings, for respondents.

MR. JUSTICE ANGSTMAN delivered the opinion of the Court.

This appeal is to have determined the question whether the

district court was right in sustaining demurrers to plaintiff's amended complaint.

The action seeks to abate an alleged nuisance and to recover damages. It was commenced in April, 1944, against the Yale Oil Corporation alone. Later the Yale Oil Corporation sold its refinery to the defendant Carter Oil Company and thereafter an amended and supplemental complaint was filed naming the Carter Oil Company as a defendant.

The important allegations of the amended complaint which was filed November 30, 1944, are these: Plaintiff owns land in Billings on which it and its predecessors for the past 35 years have operated a slaughter house; that the defendant Yale Oil Corporation for approximately the past 15 years has owned and operated an oil refinery on adjacent property; that in its operations crude oil containing noxious chemical substances is permitted to flow onto plaintiff's land permeating the soil in and under it's premises and entering floors and walls of buildings of its packing plant, rendering plaintiff's premises unfit for the purposes designed and injuring and damaging it's plant and appliances and polluting a well on it's property making it necessary for plaintiff to buy city water at a cost of $200 per month; that the oil and its fumes and vapors have an injurious effect upon plaintiff's meat products and in addition cause a fire hazard and a continuing nuisance to it's property and business; that plaintiff has been damaged in the sum of $250,000; that in May, 1944, and subsequent to the commencement of the action the defendant Yale Oil Corporation "either sold, transferred or conveyed all its right, title, interest and estate in and to said oil refinery and the assets, property and equipment hereof, to the defendant, the Carter Oil Company, or became amalgamated or merged therewith, through some transactions and dealings unknown to the plaintiff but known to both of said defendants;" that since then the Carter Oil Company has been in possession of and owned, operated and controlled the refinery and claims to be the sole and exclusive owner and operator thereof. In the briefs of counsel for both

parties the transaction whereby the Carter Oil Company became the owner of the property is treated as a sale and no reliance is placed upon the allegation of amalgamation or merger of the two corporations. The district court likewise treated the transaction as a sale and we shall do the same.

The separate demurrers filed by each defendant were based upon several grounds but the court sustained them on the following two grounds only:

"First: That causes of action have been improperly united in that said amended and supplemental complaint states one cause of action against the defendant, Yale Oil Corporation of South Dakota, and another, an independent cause of action, against the defendant, The Carter Company, a corporation, which are united and pleaded as one cause of action against said defendants jointly.

"Second: That there is a misjoinder of parties-defendant in that a cause of action is attempted to be pleaded against joint defendants when it is affirmatively shown by the amended and supplemental complaint that the two defendants could not be jointly liable for the injury which is the subject of the action."

The rule is statutory in Montana that in one and the same action a nuisance may be abated and damages awarded. Section 9474, Revised Codes; Chessman v. Hale, 31 Mont. 577, 79 Pac. 254, 68 L. R. A. 410, 3 Ann. Cas. 1038; Watson v. Colusa-Parrot, etc., Co., 31 Mont. 513, 79 Pac. 14.

The precise question before us is whether the lower court was right in condemning the complaint for improperly uniting causes of action or for misjoinder of parties defendant. In substance the district court found that the only cause of action pleaded against defendant Yale Oil Corporation is one for damages caused by it while it owned the property complained of and that as against it the complaint does not and cannot state grounds for a restraining order; that as to the Carter Oil Company the only cause of action stated is for an abatement of the alleged nuisance and for damages caused by

it since it has been the owner of the refinery; that it is not liable for damages caused while the Yale Oil Corporation was the owner. Defendants contend that the court's ruling is supported by the holding in Howell v. Bent, 48 Mont. 268, 137 Pac. 49, 51, where this court said: "It is well settled that when two or more parties act, each for himself, in producing a result injurious to the plaintiff, they cannot be held jointly liable for the acts of each other; nor, in the absence of statutory authorization, can they be sued in one action for the entire damage, either with or without an apportionment to each of his share of the damage." They rely upon the general rule that in order to hold the two defendants jointly liable there must have been some joint or concurrent act or community of action or duty and none is alleged. Brose v. Twin Falls Land & Water Co., 24 Idaho 266, 133 Pac. 673, 46 L. R. A., N. S., 1187; Miller v. Highland Ditch Co., 87 Cal. 430, 25 Pac. 550, 22 Am. St. Rep. 254; Keyes v. Little York Gold, etc., Co., 53 Cal. 724. They contend for the rule stated in Watson v. Colusa-Parrott, etc., Co., supra, where it was said [31 Mont. 513, 79 Pac. 16] : "If such damage arose [by reason of the maintenance of a nuisance], plaintiffs or their predecessors in interest were entitled to recover against the predecessors in interest of this defendant for such damage prior to the date when defendant became the purchaser and came into possession and operation of the property. Therefore, under any theory, plaintiffs could not recover damages against this defendant which were the result of acts committed prior to the day it became owner of the plant." Likewise defendants rely upon section 9130 which permits the joinder of causes of action only when they "affect all the parties to the action." Baker v. Hanson, 72 Mont. 22, 231 Pac. 902, 904.

Plaintiff relies upon section 8646, Revised Codes, and contends that under it both the seller and the purchaser are liable for the nuisance and that the seller cannot escape liability by selling. Section 8646 provides: "Every successive owner of property who neglects to abate a continuing nuisance upon, or

in the use of, such property, created by a former owner, is liable therefor in the same manner as the one who first created it.''

We agree with defendants' contentions above noted and that the court properly sustained the demurrers.

Defendants contend that section 8646, Revised Codes, is limited to nuisances which are created by the erection of a structure and which may be termed nuisances per se and that it does not comprehend a nuisance arising because of the manner of using property or a structure whose mere creation did not constitute a nuisance. Defendants' contentions in these repects must be sustained.

In Brose v. Twin Falls Land & Water Co., supra, there was involved a statute identical with our section 8646. In that case one defendant constructed and operated an irrigation canal over and across plaintiff's land from 1905 until 1909 at which time it was sold to the other defendant who had operated it since then. The court in holding that the complaint, which sought damages against both defendants, improperly united two causes of action, said [24 Idaho 266, 133 Pac. 676] : · ''It is contended that under this statute a man who purchases property containing a nuisance is liable for the damage previously inflicted by that nuisance. This statute does not impose such a liability. It was enacted for the purpose of rendering the purchaser of a property that contains a nuisance liable to an action to abate the nuisance in the same manner as if he had created the nuisance, and to render him liable for all subsequent damages the same as if he had created the nuisance. In other words, it was intended to preclude the purchaser of property containing a nuisance defending against an action for damages or to abate the same, on the ground that he did not create the nuisance, and that he was not responsible for its creation. It was never intended, however, to render the purchaser liable for damages previously incurred.''

That the purchaser becomes liable only for the damages sustained by plaintiff after the purchase was also held in Pierce

v. German Sav. & Loan Soc., 72 Cal. 180, 13 Pac. 478, 1 Am. St. Rep. 45, where an identical statute was considered.

In 39 Am. Jur., Nuisances, section 38, p. 318, it is said: "But if two or more persons who create or maintain a private nuisance act entirely independent of one another, and without any community of interest, concert of action, or common design, each is liable only so far as his acts contribute to the injury, and those injured by the nuisance must proceed in separate actions against the several wrongdoers for the proportion of damage caused by each separately."

A somewhat similar case is that of Karns v. Allen, 135 Wis. 48, 115 N. W. 357, 15 Ann. Cas. 543. There a co-partnership consisting of Nathan Allen and Charles W. Allen created the nuisance involved. The partnership then sold to a corporation named N. R. Allen's Sons Company which continued the nuisance through Nathan Allen and Charles W. Allen as officers. The court held that the corporation was not liable for damages accruing prior to the sale but that the defendants Nathan Allen and Charles W. Allen remained liable after the sale because of the proof showing their continued maintenance of the nuisance as president and vice-president of the corporation.

The Yale Oil Corporation is not liable for damages caused by the Carter Oil Company after the latter company purchased the property. It should be remembered that a refinery is not harmful per se. Purcell v. Davis, 100 Mont. 480, 50 Pac. (2d) 255. Whether it is a nuisance in a given case depends upon how it is operated. If it continued to be a nuisance after it was purchased by the Carter Oil Company it was so because of affirmative action of that company in the manner of conducting its business. The nuisance was not a continuing one in the sence that it continued per se without action by the purchaser. In that respect this case is not comparable to those relied upon by palintiff where the seller could not be relieved of liability for the continuing nuisance. The same rule should apply as to this character of nuisance, there being no covenants of warranty, as if there were successive tenancies. In such a

case each would be liable for the damages sustained during his tenancy and no more. In Greene v. Nunnemacher, 36 Wis. 50, in speaking of this point the court said: "There is, however, another objection taken to the complaint, which we think must be sustained. It is, that several causes of action have been improperly united.. It appears that Jacob Nunnemacher is the owner of the premises on which the nuisance is situated, and that he erected and maintains it. He is doubtless liable for having created and maintained it. It is alleged also that the defendant Herman Nunnemacher ran the distillery and establishments therewith connected for one year or more previous to the month of May, 1873; that Jacob ran and operated the same from the month of May, 1873, to the month of August, 1873; and the other defendants, Christian Guenther and Robert Nunnemacher, from the month of August, 1873, to the commencement of the action. Now, assuming as we well may, that the tenant is liable during his term of maintaining the nuisance, it seems clear that he cannot be held liable for damages sustained before and after the expiration of the term. Herman may be liable for the year ending May, 1873, together with his father; but upon what ground can he be held liable after that time? True, there is an allegation that the distillery has at different times been run and operated for the benefit and profit of all the defendants; yet this shows no joint liability. · Because they derived a profit from the distillery, we cannot infer, in view of the specific allegations in regard to their tenancy, that they were jointly liable for maintaining the nuisance at the same time. The complaint therefore states a cause of action against Jacob and Herman for one period; and a cause of action against Jacob and the other defendants for another period; and then against Jacob alone; but there is no necessary connection in these causes of action. Why should they be united in the same action? They are distinct, independent and separate, and have been improperly united." .

So far as the complaint seeks an injunction or abatement of the nuisance it is clear that no such relief can be granted

against the Yale Oil Corporation which has parted with title and control over the property. To constitute one as a continuing wrongdoer, he must have a legal right and be under legal duty to terminate the cause of injury. Vana v. Grain Belt Supply Co., Neb., 18 N. W. (2d) 669; Keener v. Addis, 61 Ga. App. 40, 5 S. E. (2d) 695. Having neither this right nor duty the complaint does not state a cause of action against the Yale Oil Corporation for an injunction after it sold the property. Hence the only cause of action against the Yale Oil Corporation does not affect the Carter Oil Company and the causes of action against the latter do not affect the former within the meaning of section 9130.

The cases of Mitchell Realty Co. v. City of West Allis, 184 Wis. 352, 199 N. W. 390, 35 A. L. R. 396; McMechen v. Hitchman-Glendale Consolidated Coal Co., 88 W. Va. 633, 107 S. E. 480, and Snavely v. City of Goldendale, 10 Wash. (2d) 453, 117 Pac. (2d) 221, are relied upon by plaintiff as supporting its contention that an action may properly be brought against both defendants for an injunction and that the court may award damages incidentally and apportion the same between the defendants.

In each of those cases all defendants acting separately were polluting the waters of a stream and hence it was proper that each defendant be enjoined.

Here the Yale Oil Corporation since the sale of the porperty is doing nothing that in any way contributes to the alleged nuisance. It is not a proper party to the proceeding to abate the alleged nuisance. This case is therefore not controlled by those last cited.

The court was right in sustaining the demurrer upon the two grounds considered. The judgment is accordingly affirmed.

Mr. Chief Justice Lindquist and Associate Justices Morris, Adair, and Cheadle, concur.