Kamke and others, Plaintiffs and Respondents, vs. Clark and others, Defendants: Pabst Brewing Company, Defendant and Appellant.*

*December 8, 1954—January 11, 1955.*

* Motion for rehearing denied, with $25 costs, on March 8, 1955.

For the appellant there were briefs by *Quarles, Spence & Quarles,* attorneys, and *Kenneth P. Grubb* and *Wayne J. Roper* of counsel, all of Milwaukee, and oral argument by *Mr. Roper.*

For the respondents there was a brief and oral argument by *George A. Bowman* and *William H. Bowman,* both of Milwaukee.

CURRIE, J.   It is the position of the appellant Pabst Brewing Company on this appeal that its motion for summary judgment should have been granted because under the undisputed facts the plaintiffs at the time of commencement of the action at most had only a cause of action at law for damages against appellant, and, therefore, there would be a misjoinder of causes of action unless the action be dismissed as to appellant.   The following three reasons are advanced in support of the contention that no cause of action in equity to abate the nuisance existed at the time of institution of suit in behalf of plaintiffs against appellant:

(1) Appellant never had any right to control the manner of operating the dump, but only possessed a license to deposit waste materials there, and therefore had no legal right to enter upon the premises and abate the nuisance.

(2) Appellant had permanently ceased all use of the dump prior to the commencement of the action.

(3) There was already pending an action in behalf of Milwaukee county to abate the nuisance in which a judgment was subsequently entered directing the abatement of the same.

Sec. 263.04, Stats., provides:

"The plaintiff may unite in the same complaint several causes of action, whether they be such as were formerly denominated legal or equitable or both. *But the causes of action so united must affect all the parties to the action* and not require different places of trial, and must be stated separately." (Italics supplied.)

The plaintiffs' complaint was so drafted that appellant could not raise the issue of misjoinder of causes of action by demurrer, and, therefore, did so by allegations in its answer in the nature of a plea in abatement which set forth that it at no time had any right to control the operation of the dump after it had deposited its waste material there; that it had ceased all dumping operations as of September 16, 1953, prior to the commencement of plaintiffs' action; and that there was already pending an action in behalf of Milwaukee county seeking the abatement of this same nuisance. Because the issue of misjoinder could not be raised by demurrer, appellant maintains that the motion for summary judgment on its part was the proper procedure for disposing of the questions raised by the plea in abatement inasmuch as the truth of the allegations thereof is not in dispute.

There would seem to be no question but that the plaintiffs have a cause of action for damages against the appellant, assuming the allegations of the complaint, and of the affidavit in opposition to the motion for summary judgment, be true. These allegations charge the appellant with having continued to dump its waste materials on the Clark premises after notice that the owners were not taking proper steps to prevent the dump from being a nuisance with resulting

harmful effects to the persons and property of near-by residents. Furthermore, it is alleged that the nuisance continued to exist after appellant had ceased to use the dump, and appellant's acts had contributed to cause such continuing nuisance. The following statement appearing in 2 Wood, Nuisances (3d ed.), p. 1264, sec. 837, is particularly pertinent:

"The fact that the defendant cannot enter to abate the nuisance does not excuse his liability, for it is his own wrong which has involved him in trouble."

Appellant cites the case of *Tiede v. Schneidt* (1900), 105 Wis. 470, 81 N. W. 826, as authority sustaining its position that no cause of action can exist against a mere user of a dump who has no authority to control the manner in which the owners operate the same. That case involved an action commenced against the proprietor of a rendering plant together with the city of Milwaukee to abate a nuisance and for damages. The defendant city had entered into a contract with the defendant owner whereby the city was to bring dead animals found upon its streets to the plant to be rendered. The trial court at the conclusion of the trial made findings of fact wherein it was found that the plant had been so operated as not to be a nuisance and dismissed the action as to both defendants. In the opinion of this court on appeal it was pointed out that the defendant city had never maintained or operated the rendering plant, that it had no connection therewith except to deliver dead animals there, and that there was nothing unlawful in so delivering such dead animals. In order for the facts in *Tiede v. Schneidt* to be parallel to those in the instant case it would have been necessary that the rendering plant have been so operated as to constitute a nuisance and for the city to have continued to have delivered dead animals to it after it had received notice

that the plant was being continuously operated in such improper manner as to constitute a nuisance. Because of this marked difference in the fact situation of the two cases we do not consider *Tiede v. Schneidt* to be in point on the issue upon which appellant cites the same.

This court in *Karns v. Allen* (1908), 135 Wis. 48, 58, 115 N. W. 357, held that under the provisions of sec. 3180, Stats. (now sec. 280.01), either an action at law or one in equity may be instituted to abate a nuisance, the latter being the proper action where the remedy at law is inadequate; and that where a court of equity takes jurisdiction it can award damages as well as a court of law.

In *Mitchell Realty Co. v. West Allis* (1924), 184 Wis. 352, 199 N. W. 390, 35 A. L. R. 396, a situation was presented where the plaintiff sustained damages to its property as a result of a nuisance resulting from the pollution of a stream. The original action to abate the nuisance and for damages was brought against the city of West Allis and seven private corporations. These latter defendants appeared individually and moved to strike out of the complaint the allegations charging them with acts causing the pollution of the stream on the ground that to permit damages to be collected against these various defendants in the action to abate the nuisance would result in a misjoinder of causes of action. The trial court granted the motion and the plaintiff elected to proceed against the defendant city alone. Judgment was entered against the defendant city in the trial court for the abatement of the nuisance and for the recovery of all damages sustained by plaintiff and its predecessor in title as a result of the nuisance, even though the evidence established that the acts of the defendant city in operating its sewage-disposal plant had caused only part of the pollution. Such damages were awarded on the theory that the defendant city and the private corporations, whose acts had also con-

tributed to pollute the stream which resulted in the nuisance, were joint tort-feasors. On appeal, this court held that the city and the private corporations originally joined as defendants were not joint tort-feasors and declared (pp. 369, 370):

"The instant case has been commenced under the provisions of secs. 3180 and 3181 [now secs. 280.01 and 280.02] of the statutes, and under the express provisions of these statutes an action may be begun in equity for an abatement of a nuisance, and there may be joined with such action a claim for damages. . . .

"It is our view, therefore, that the action as originally begun was maintainable, and that the order of the lower court in striking out the allegations as to damages with respect to the private corporations charged was erroneous. *Had the action proceeded, the plaintiffs could have obtained their equitable remedy for the abatement of the nuisance, and, upon the determination by the court of the proportionate share of the damage caused by each of the defendants, were entitled to judgment for such amounts,* thus disposing of the entire litigation in one action. *To accomplish such a result is one of the principal functions of a court of equity."* (Emphasis supplied.)

The decision in *McMechen v. Hitchman-Glendale Consol. Coal Co.* (1921), 88 W. Va. 633, 107 S. E. 480, is in accord with the italicized portions of the foregoing quotation from *Mitchell Realty Co. v. West Allis, supra,* and numerous authorities are therein cited in support of such principle.

Appellant urges that the principle enunciated in *Mitchell Realty Co. v. West Allis, supra,* is only applicable where a cause of action in equity for the abatement of the nuisance exists against all defendants at the time of the commencement of the action, and that damages cannot be awarded by a court of equity against a defendant as to whom no cause of action for equitable relief is maintainable. We agree that this

is a correct statement of the law. If at the time of commencement of the instant action the plaintiffs' only remedy against appellant, whose acts have contributed to cause the nuisance, were an action at law for damages, there would be a misjoinder of causes of action if the action were not dismissed as to appellant. This is because appellant is not a joint tortfeasor with the two other defendants who did dumping (town of Wauwatosa and A. O. Smith Company), and, therefore, the cause of action for damages against appellant does not "affect all the parties to the action" as required by sec. 263.04, Stats. On the other hand, if a cause of action in equity for abatement exists against all of the defendants, such cause of action does "affect all the parties to the action," and the awarding of damages in different amounts against various defendants, in proportion to the harm caused by each, is immaterial on the issue of possible misjoinder.

Under the license agreement existing between the owners of the dump (the defendants Clark) and appellant, the appellant had no legal right to control the operation of the dump by the owners, or to enter upon the premises to abate the nuisance. Because of this, appellant contends that no cause of action in equity to abate the nuisance could be maintained by the plaintiffs against appellant.

At first blush the decision in *Greene v. Nunnemacher* (1874), 36 Wis. 50, would seem to be authority supporting appellant's contention as to misjoinder. In that case the plaintiff instituted an action against four defendants to abate a nuisance and for damages. The alleged nuisance consisted in the operation of a large distillery with extensive cattle and hog yards maintained in connection therewith which resulted in the pollution of a stream flowing along and partly intersecting plaintiff's premises. Plaintiff's complaint alleged that one of the defendants owned the premises and operated it for a year or more, that thereafter another defendant operated

the same as tenant for a period of three months, and thereafter, the other two defendants operated as tenants. A demurrer was interposed on various grounds, one of which was misjoinder of causes of action. This court held that several causes of action had been improperly united, and although a tenant might be liable during his term for maintaining the nuisance, he could not be held liable for damages sustained before and after the expiration of his term. While the prayer of the complaint did request an abatement of the nuisance, the court did not discuss the point of whether abatement could be had against all four defendants. However, this court in *Carthew v. Platteville* (1914), 157 Wis. 322, 324, 147 N. W. 375, stated that prior to the enactment of ch. 190, Laws of 1882, amending sec. 3180, Stats. [now sec. 280.01], an action under sec. 3180 was considered to be an action at law and not in equity; and that the statute had abrogated the equitable remedy previously available to a private party to have a nuisance abated. This probably suggests the reason why the court in *Greene v. Nunnemacher, supra,* did not discuss the point of whether or not a cause of action in equity to abate a nuisance was stated against all four defendants.

The case of *Midland Empire Packing Co. v. Yale Oil Corp.* (1946), 119 Mont. 36, 169 Pac. (2d) 732, does, however, strongly tend to support the contention of appellant. That case involved an action against two defendants to abate a nuisance and recover damages. The complaint alleged that plaintiff for many years operated upon its premises a slaughterhouse, while the defendant Yale Oil Corporation owned adjacent property on which it operated a refinery; that in its operations crude oil containing noxious chemical substances flowed upon plaintiff's land, rendering plaintiff's premises unfit for the purposes designed, and polluting plaintiff's well; and that thereafter the said defendant had sold and transferred the oil-refinery premises to the defendant Carter

Oil Company, since which time the latter defendant had been in possession and operated and controlled the refinery. The court held that a demurrer to the complaint should have been sustained on the ground that causes of action had been improperly united. In its opinion the court stated (119 Mont. 43, 169 Pac. (2d) 736) :

"So far as the complaint seeks an injunction or abatement of the nuisance it is clear that no such relief can be granted against the Yale Oil Corporation which has parted with title and control over the property. To constitute one as a continuing wrongdoer, he must have a legal right and be under legal duty to terminate the cause of injury. *Vana v. Grain Belt Supply Co.* (Neb.), 18 N. W. (2d) 669; *Keener v. Addis,* 61 Ga. App. 40, 5 S. E. (2d) 695. Having neither this right nor duty the complaint does not state a cause of action against the Yale Oil Corporation for an injunction after it sold the property. Hence the only cause of action against the Yale Oil Corporation does not affect the Carter Oil Company and the causes of action against the latter do not affect the former within the meaning of· section 9130 [which statute is similar to sec. 263.04, Wis. Stats.].

"The cases of *Mitchell Realty Co. v. City of West Allis,* 184 Wis. 352, 199 N. W. 390, 35 A. L. R. 396; *McMechen v. Hitchman-Glendale Consolidated Coal Co.* 88 W. Va. 633, 107 S. E. 480, and *Snavely v. City of Goldendale,* 10 Wash. (2d) 453, 117 Pac. (2d) 221, are relied upon by plaintiff as supporting its contention that an action may properly be brought against both defendants for an injunction and that the court may award damages incidentally and apportion the same between the defendants.

"In each of those cases all defendants acting separately were polluting the waters of a stream and hence it was proper that each defendant be enjoined.

"Here the Yale Oil Corporation since the sale of the property is doing nothing that in any way contributes to the alleged nuisance. It is not a proper party to the proceeding to abate the alleged nuisance. This case is therefore not controlled by those last cited."

The instant case was commenced under sec. 280.01, Stats.,[1] and the provisions of secs. 280.03[2] and 280.04[3] are applicable thereto. Whether the decision in *Midland Empire Packing Co. v. Yale Oil Corp., supra,* controls the result in the case at bar would seem to be dependent on whether the provisions of secs. 280.03 and 280.04 extend equitable relief as to abatement that can be enforced against the appellant even though it never has had the right to control the operations of the dump, or to enter upon the premises where it is located and abate the nuisance. While the appellant cannot be compelled to go upon the premises of the defendants Clark and abate the nuisance, a warrant can be issued to the sheriff under the provisions of sec. 280.04 which would empower that officer to so enter upon such premises and abate the nuisance, a proportional part of the expense of which would be chargeable against appellant. Appellant correctly contends that the judgment for abatement authorized by sec. 280.03 must be entered against the defendants, and the warrant to the sheriff authorized by sec. 280.04 is only to be issued in

---

[1] 280.01 JURISDICTION OVER NUISANCES. Any person may maintain an action to recover damages for and to abate a private nuisance or any person, county, city, village, or town may maintain an action to recover damages or to abate a public nuisance from which injuries peculiar to the complainant are suffered, so far as necessary to protect the complainant's rights and to obtain an injunction to prevent the same.

[2] 280.03 JUDGMENT. In such actions, when the plaintiff prevails, he shall, in addition to judgment for damages and costs, also have judgment that the nuisance be abated unless the court shall otherwise order.

[3] 280.04 EXECUTION AND WARRANT. In case of judgment that the nuisance be abated and removed the plaintiff shall have execution in the common form for his damages and costs and a separate warrant to the proper officer requiring him to abate and remove the nuisance at the expense of the defendant.

the event the defendants themselves fail to abate the nuisance as enjoined by the judgment. However, the argument, that no judgment of abatement should be entered against a defendant who has no legal right to enter upon the premises to carry out the command of the judgment, loses much of its force in view of the provisions of sec. 280.04 authorizing the sheriff to abate the nuisance and making such defendant liable for the expense thereof.

We do not consider that if appellant's acts have contributed to produce the nuisance it is in any position to claim that it would be inequitable for it to be required to contribute to the cost of the sheriff abating the nuisance. The judgment for abatement could well provide that plaintiffs should have no right to institute contempt proceedings for failure of a defendant to abate the nuisance, as required by the judgment, where such defendant is without legal right to enter upon the premises upon which the nuisance exists; and that plaintiffs' only remedy in case of noncompliance by such defendant as to the enjoined abatement be limited to the issuance to the sheriff of the warrant authorized by sec. 280.04, Stats. We, therefore, conclude that by reason of the provisions of sec. 280.04 it is proper to enter a judgment of abatement against a defendant whose acts have contributed to cause the nuisance, even though such defendant has no right to enter upon the premises to abate the same.

Appellant advances as a further reason why no judgment for abatement can legally be entered against it the undisputed fact that it had permanently ceased to dump its waste material upon the Clark premises prior to the commencement of plaintiffs' action. In support of such contention appellant cites our decision in *State v. P. Lorillard Co.* (1923), 181 Wis. 347, 193 N. W. 613, headnote 8 of which states:

"A complaint states no cause of action for injunctive relief by way of prevention against an unlawful combination in restraint of trade where it is not alleged that defendants are

continuing or threatening to continue such combination, all its allegations being in the past tense and relating to completed transactions."

The fact situation in the instant case is readily distinguishable from that in *State v. P. Lorillard Co., supra.* Here we have a situation where, even though appellant had ceased its dumping activities prior to the commencement of the action, its acts contributed to produce a nuisance which continued to exist as of the date of institution of plaintiffs' action. On the other hand, an unlawful combination in restraint of trade ceases whenever the parties thereto have withdrawn therefrom. We are constrained to hold that a court of equity in an action instituted pursuant to sec. 280.01, Stats., has jurisdiction to compel a party to abate a continuing nuisance where the acts of such party have contributed to cause the same even though such acts were discontinued prior to the commencement of suit.

The last contention advanced by appellant is that, in an action commenced by the state of Wisconsin *ex rel.* Milwaukee county for the abatement of the same nuisance as described in plaintiffs' complaint, a final judgment was entered under date of June 30, 1954, for the abatement thereof and for issuance to the sheriff of a warrant to carry out the command of the judgment. Appellant's answer to plaintiffs' complaint herein set forth a plea in abatement in which the pendency of such other action was alleged, it being stated that the same was instituted under date of September 17, 1953. However, the fact that such judgment entered June 30, 1954, may make it unnecessary or useless for the trial court in the instant action to enter a judgment of abatement does not prevent the court from retaining jurisdiction for the purposes of awarding damages. 19 Am. Jur., Equity, p. 133, sec. 134, and 30 C. J. S., Equity, p. 430, sec. 74. In so awarding damages, the court acts in its capacity as a court of equity where at the time of the commencement of the

action its jurisdiction as such court of equity was properly invoked, even though subsequent events have made the granting of strictly equitable relief impracticable or useless.

It is our conclusion that the learned trial court properly denied appellant's motion for summary judgment.

*By the Court.*—Order affirmed.

STEINLE, J., took no part.

The following opinion was filed on March 8, 1955:

CURRIE, J. *(on motion for rehearing)*. Counsel for appellant Pabst Brewing Company request a rehearing on the ground that the amendment made to sec. 280.01, Stats., by sec. 375, ch. 541, Laws of 1935, had the effect of converting causes of action predicated upon sec. 280.01 from actions in equity to suits at law. This amendment was not mentioned in the original briefs, and the point now raised on the motion for rehearing presents an entirely new issue not previously considered by us.

While plaintiffs' complaint asks for an injunction to restrain further dumping as well as for an abatement of the nuisance, it is urged that a cause of action in equity for an injunction is barred in the instant case by the fact that it is conceded that the Pabst Brewing Company, prior to the commencement of the action, had permanently ceased its dumping operations on the Clark property. This being so, appellant's counsel contend that the trial court is without power to grant the remedy of abatement due to the fact that the abatement of the nuisance has already been adjudged in the proceedings instituted in behalf of Milwaukee county. Assuming these premises, appellant's counsel proceed to their main contention advanced in support of their motion for rehearing, viz., that if plaintiffs' action for damages and abatement of nuisance under sec. 280.01, Stats., be held to

be legal and not equitable in nature, there remains only the legal action for damages, as to which there would be a misjoinder.

Before considering the effect of the amendment made to sec. 280.01, Stats., by the 1935 legislature, it should be pointed out that appellant's counsel is in error in contending that the complaint states two separate causes of action under sec. 280.01, one being an action for damages and the other for abatement of the nuisance. It was clearly held in *Carthew v. Platteville* (1914), 157 Wis. 322, 147 N. W. 375, wherein the complaint asked for damages for the contamination of water through discharge from the defendant city's septic tank and for abatement of the nuisance, that the complaint stated but one cause of action and, therefore, was not demurrable on the ground that several causes of action had not been properly united. We deem such holding to be applicable to the instant complaint regardless of whether sec. 280.01, Stats., as it now reads as the result of the 1935 amendment thereto, be construed to make the action one at law, rather than one in equity.

To properly pass upon the point raised on rehearing it is necessary to review the history of sec. 280.01, Stats., in some detail. It was originally enacted in 1858, and is to be found in sec. 1, ch. 144, R. S. 1858, reading as follows:

"In actions for a private nuisance, when the plaintiff prevails, he shall, in addition to the usual judgment for damages and costs, also have judgment that the nuisance be abated and removed, unless the court before whom any issue of fact joined therein shall be tried, shall certify in the minutes of such trial, that the abatement thereof is unnecessary."

Sec. 5, of such ch. 144, also provided:

"The circuit court for any county shall have jurisdiction in all matters concerning nuisances, and may grant injunctions to stay or prevent nuisances."

In *Remington v. Foster* (1877), 42 Wis. 608, it was held that sec. 1, ch. 144, R. S. 1858, abrogated the equitable remedy which existed at common law to abate private nuisances, and substituted, in lieu thereof, the legal remedy embodied in the statute. It is rather difficult for us to understand how the court reached such conclusion, in view of its prior decision in *Meek v. Pierce* (1865), 19 Wis. *300, *303, wherein it was held that the rules of common law are not to be changed by doubtful implication and that a statute is not to be construed as changing the common-law rule if the statutory language "is not inconsistent with the idea that the rule of the common law is still to prevail." Inasmuch as equity had the power at common law to abate private nuisances, there was nothing inconsistent with such principle contained in ch. 144, R. S. 1858. Nevertheless, this court, in a number of cases beginning with *Remington v. Foster, supra,* and ending with *Stadler v. Grieben* (1884), 61 Wis. 500, 21 N. W. 629, as pointed out in *Carthew v. Platteville, supra,* held that the remedy provided by sec. 1, ch. 144, R. S. 1858 (now sec. 280.01), was one at law and not in equity.

The legislature in enacting the Revised Statutes of 1878, combined the provisions of sec. 5, ch. 144, with those of sec. 1, and numbered the same sec. 3180. Such sec. 3180, R. S. 1878, read as follows:

"The circuit courts have jurisdiction of actions to recover damages for and to abate private nuisances, or a public nuisance from which any person suffers a private or special injury, peculiar to himself, so far as necessary to protect the rights of such person, and to grant injunctions to prevent the same."

Injunctions to prevent nuisances have always been rendered in courts of chancery and not by courts of law. However, this change made by the legislature, in incorporating the reference to injunctions, previously set forth in sec. 5,

ch. 144, R. S. 1858, into new sec. 3180, R. S. 1878, apparently was not noted by the court in subsequent decisions.

By ch. 190, Laws of 1882, sec. 3180, R. S. 1878, was amended so as to add thereto the following:

". . . and in case such nuisance may work an irreparable injury, interminable litigation, or a multiplicity of actions, or either, or when the injury is continuous and constantly recurring, or when there is not an adequate remedy at law, or when the injury is not susceptible of adequate compensation in damages at law, then an action in equity may be brought and maintained and an injunction may be issued therein, and equitable action may be brought before the nuisance or right is established in an action at law."

The foregoing quoted language from the 1882 amendment seems to confirm the prior holdings of this court that the statute, as it stood prior to the amendment, provided for actions at law to abate nuisances and award damages. However, in *Carthew v. Platteville, supra,* the prayer of the complaint asked for the following relief: (1) That the discharge of sewage from the defendant's sewerage system be declared to be a public nuisance; (2) that the same be declared to be a private nuisance; (3) that the court order the same to be abated; (4) that the plaintiff recover $500 damages, together with costs and disbursements; (5) that plaintiff have such other and further relief as he might be found entitled to; and (6) that during the pendency of the action defendant be enjoined from permitting discharges from its sewerage system of a character to create a public or private nuisance. As pointed out by the dissenting opinion, the complaint contained no allegations to bring it within the addition made to the statute by the 1882 amendment. Nevertheless, the majority opinion held that the cause of action stated in the complaint was equitable and not legal in nature and stated as follows (p. 324):

"To restore the equitable remedy, ch. 190 of the Laws of 1882, which is the rest of the section as it now stands, was passed. This chapter expressly restored the equitable remedy of abating a nuisance in all cases coming within the calls thereof. *Denner v. C., M. & St. P. R. Co.,* 57 Wis. 218, 221, 15 N. W. 158; *Stadler v. Grieben,* 61 Wis. 500, 21 N. W. 629. And equitable actions have since been maintained under it. *Fraedrich v. Flieth,* 64 Wis. 184, 25 N. W. 28; *Rogers v. John Week L. Co.,* 117 Wis. 5, 10, 93 N. W. 821; *Karns v. Allen,* 135 Wis. 48, 115 N. W. 357; *St. Croix C. C. Co. v. Musser-Sauntry L., L. & M. Co.,* 145 Wis. 267, 130 N. W. 102. As an incident to a part of the proper relief money damages are asked, but that fact does not change the nature of that cause of action. It still remains a suit in equity."

In *St. Croix Consolidated C. Co. v. Musser-Sauntry L., L. & Mfg. Co.* (1911), 145 Wis. 267, 269, 130 N. W. 102, a demurrer was interposed to the complaint on the ground that several causes of action had been improperly united. The complaint alleged that plaintiff's land had been damaged by reason of a navigable stream overflowing its banks as the result of a dam erected by defendants, and prayed for the abatement of the alleged nuisance, the recovery of damages, and a temporary restraining order. The trial court overruled the demurrer, and this court affirmed. Mr. Justice MARSHALL, speaking for the court declared that sec. 3180, Stats. 1898, "is substantially a declaration of the unwritten law with added features and simplification of procedure." The court held that the complaint was good against demurrer whether it be considered as stating a cause of action at law or a suit in equity. However, as noted above, the later case of *Carthew v. Platteville, supra,* definitely held that such a complaint states a cause of action in equity.

In 1935, a long revisor's bill was introduced as Bill 50, S., in the state senate at the instance of the revisor of statutes and enacted by the legislature as ch. 541, Laws of 1935. Some idea of the length of this bill may be gained from the

fact that the part thereof amending sec. 280.01, Stats., was sec. 375. Such sec. 375 of said Bill 50, S., read as follows:

"Section 280.01 is amended to read:

"280.01 JURISDICTION OVER NUISANCES. ~~The circuit courts shall have jurisdiction of~~ *Any person may maintain an* ~~action~~ to recover damages for and to abate *a* private nuisance~~s~~ or a public nuisance from which ~~any person~~ *he* suffers ~~a private or special~~ injury peculiar to himself, so far as necessary to protect ~~the~~ *his* rights ~~of such person~~, and to ~~grant~~ *obtain an* injunction~~s~~ to prevent the same~~; and in each such nuisance may work an irreparable injury, interminable litigation, a multiplicity of actions, or either, or the injury is continuous and constantly recurring, or there is not an adequate remedy at law, or the injury is not susceptible of adequate compensation in damages at law, then an action in equity may be maintained and an injunction be issued therein, and an equitable action may be brought before the nuisance or the infringement of plaintiff's right is established at law~~."

A revisor's note to the entire Bill 50, S., stated that one of the purposes of the same was "to make the statutes more clear, concise, and compact." In addition to the general note applying to the entire bill, there was a special note applying to sec. 375 of the bill which amended sec. 280.01, Stats., reading as follows:

"The circuit court is given plenary jurisdiction by Art. VII, s. 8, Const. and 252.08. The phraseology antedates the code. The distinction between actions and suits is abolished. Injunctions are covered by c. 268."

It, therefore, seems apparent that there was no intent on the part of the revisor of statutes in drafting said Bill 50, S., in so far as it related to the amendment to sec. 280.01, Stats., to effect the radical change contended for by appellant's counsel of restoring all actions for abatement of nuisances and damages under sec. 280.01 to the status which prevailed prior to the 1882 amendment, whereby such actions were

deemed to be solely actions at law, even though the wording, as the result of the 1935 amendment, closely parallels the wording which the statute possessed prior to the 1882 amendment. The reference in the revisor's note to the fact that a circuit court is given plenary jurisdiction by sec. 8, art. VII, Const., would indicate that such court always possesses the jurisdiction which existed at common law in courts of chancery to grant the relief set forth in the portion of the statute stricken by such revisor's bill. It is, therefore, our considered judgment, that the 1935 amendment to sec. 280.01 did not convert the nature of the action prescribed therein from one at equity to one at law.

If the allegations of a complaint are such as to state a good cause of action in equity at common law for abatement of a private nuisance, even though it be specifically alleged that the action was instituted pursuant to sec. 280.01, Stats., the suit is one in equity and not at law. For the purposes of the instant case, from the standpoint of the issue of misjoinder, it probably makes no difference whether the action be considered to be one at law or in equity, in view of the holding in *Carthew v. Platteville, supra,* that a cause of action under the statute for damages and abatement of a nuisance constitutes one cause of action and not two. This is because at the time of the commencement of the action, assuming the allegations of plaintiffs' complaint to be true, plaintiffs were entitled to have the nuisance abated, and therefore the cause of action affected all the parties to the action. However, whether the action be one at law or in equity is material on the question of whether it must be tried to a jury and possibly as to whether damages can be recovered for the period intervening between the date of the commencement of the action and the date of the judgment.

Appellant cites *Milwaukee-Western Fuel Co. v. Milwaukee* (1913), 152 Wis. 247, 139 N. W. 540, as holding that an

action to recover damages and for abatement of the nuisance is an action at law and not a suit in equity. Apparently, in that case, the parties and the trial court considered the cause of action to be one at law for it was tried to a jury. However, the point as to the nature of the cause of action was not before this court on appeal. We, therefore, do not consider such case to be authority for the point cited, any more than would *Briggson v. Viroqua* (1953), 264 Wis. 47, 58 N. W. (2d) 546, be authority for holding that we had construed sec. 280.01, Stats., as it existed after the 1935 amendment, as providing a remedy in equity. In the *Briggson Case* counsel for plaintiff on appeal stated that the complaint was grounded upon sec. 280.01, and the parties, the trial court, and this court, assumed, without the issue being raised, that the suit was one in equity.

*By the Court.*—Motion for rehearing denied with $25 costs.