Hutt and wife, Respondents, v. Lamont's Service, Inc., Appellant.*

*March 3—March 30, 1965.*

---

* Motion for rehearing denied, with costs, on June 1, 1965.

178

179

For the appellant there was a brief by *Nikolay, Jensen & Scott* of Colby, and oral argument by *Frank Nikolay*.

For the respondents there was a brief and oral argument by *William J. Dehn* of Marshfield.

GORDON, J.

> "I care not who makes th' laws iv a
> nation iv I can get out an injunction."
> —Mr. Dooley

The appellant urges that the extraordinary remedy of an injunction should not have been granted because there was an adequate remedy in law. Relief by way of an injunction, it is urged, is inappropriate when the issue is one of title to real estate. If a trespass has been committed, argues the appellant, ejectment would have been the proper remedy under *Lipinski v. Lipinski* (1952), 261 Wis. 327, 52 N. W. (2d) 922.

From the earliest of times, adjoining landowners have warred over lot lines. In Deuteronomy (ch. 27, verse 17), it is written: "Cursed be he that removeth his neighbor's landmark." The *Lipinski Case* relied upon by the appellant was a dispute between neighbors as to their common boundary.

The instant case, however, is an action to abate an alleged public nuisance resulting from the appellant's placing posts on a public alleyway. We must first decide whether the posts are located in the public alleyway, and, if so, whether they

constitute a nuisance for which these plaintiffs can obtain injunctive relief.

"A nuisance may be merely a right thing in the wrong place,—like a pig in the parlor instead of the barnyard." *Euclid v. Ambler Co.* (1926), 272 U. S. 365, 388, 47 Sup. Ct. 114, 71 L. Ed. 303.

### *The Location of the Posts.*

The trial judge determined that the fence posts which the appellant erected "are in fact located in the alley." In our opinion, this conclusion is not against the great weight and clear preponderance of the evidence.

The trial court had before it divergent attitudes on the part of two different surveyors. Its decision to give greater weight to the testimony of one surveyor, Mr. Stanley Loken, as opposed to that of another surveyor, was a proper function of the trier of fact, and the record discloses no reason for our upsetting the trial court's evaluation of their evidence.

### *Private Relief from a Public Nuisance.*

The posts being in a public alleyway, they clearly constitute a public nuisance. *Smith v. Jefferson* (1959), 8 Wis. (2d) 378, 383, 99 N. W. (2d) 119; *Walley v. Patake* (1956), 271 Wis. 530, 541, 74 N. W. (2d) 130; *Smith v. Congregation of St. Rose* (1953), 265 Wis. 393, 400, 61 N. W. (2d) 896; *State v. Carpenter* (1887), 68 Wis. 165, 173, 31 N. W. 730.

Does the fact that this nuisance is primarily a public one foreclose the plaintiffs as private individuals from obtaining injunctive relief? As long ago as *Ryan v. Schwartz* (1896), 94 Wis. 403, 69 N. W. 178, we held that owners of property abutting a highway may properly maintain an action to abate

a nuisance which obstructs the street. See *Costas v. Fond du Lac* (1964), 24 Wis. (2d) 409, 414, 129 N. W. (2d) 217; *Kamke v. Clark* (1955), 268 Wis. 465, 478, 67 N. W. (2d) 841, 68 N. W. (2d) 727. See also secs. 280.01, 280.02, and 280.03, Stats.

In *Mitchell Realty Co. v. West Allis* (1924), 184 Wis. 352, 372, 199 N. W. 390, this court said:

". . . a nuisance may be both public and private, and . . . a public nuisance may also become a private nuisance as to any person who is especially injured by it to any extent beyond the injury to the public."

We believe that the interjection of the posts in the public alleyway adjacent to the appellant's property, which is being used as a gasoline station, could properly be held to cause a special injury to the Hutts. As to them, the public nuisance is also a private nuisance.

### The Right to Injunctive Relief.

Mr. Hutt acknowledged that his damages could be calculated in money. Based thereon, the appellant argues that the respondents have an adequate remedy at law which should bar injunctive relief. In our view, this admission by Mr. Hutt should not preclude the court from exercising its discretion to grant injunctive relief. In a broad, philosophical sense, money is a common denominator which, in the absence of a better measure, may be used to evaluate every conceivable loss. Thus, such items as pain, the alienation of affections, and a wrongful death are held to be translatable into money. Money may be a poor substitute in such cases, but it is utilized because it is often the *only* means of compensation.

In the case at bar, the award of money is not the only feasible means of resolving the wrong to the plaintiffs. They did not seek money damages. They sought to have the nuisance abated, and, in our opinion, the nuisance is of a

continuing type which the trial court had a right, in its discretion, to abate by the injunctive process under its equitable powers. "It is always term time in the court of conscience," says the seventeenth century proverb attributed to Thomas Fuller.

It is to be noted that this court has approved judgments which provide for both the award of money damages and the abatement of a nuisance. *Kamke v. Clark, supra; Karns v. Allen* (1908), 135 Wis. 48, 115 N. W. 357.

In granting an injunction, the trial court may also have considered the difficulty in computing the plaintiffs' damages in a case such as that here presented. To calculate the loss to the Hutts for an injury to business arising from this continuing nuisance might have required an element of speculation. See *Vetter v. Rein* (1931), 203 Wis. 499, 503, 234 N. W. 712.

*By the Court.*—Judgment affirmed.