ROGERS, Appellant, vs. JOHN WEEK LUMBER COMPANY, Respondent.

*February 4—February 24, 1903.*

*Injunction:* Res judicata: *Nuisance: Restraining erection of planing mill.*

1. Denial of a temporary injunctional order does not render the question of the sufficiency of the complaint *res judicata,* upon a subsequent demurrer.
2. An industry or trade which is not a nuisance *per se* may be conducted in such a manner or in such a place as to be in fact a nuisance.
3. A complaint alleging that defendant has commenced to construct a planing mill in a residence portion of the city, within ninety feet of plaintiff's dwelling, and that its operation will

necessarily create a great amount of steam, dust, dirt, smoke, and noise, which will penetrate plaintiff's house making it necessary to keep his windows and doors closed at all times, and rendering his home unfit to live in,—states a cause of action for an injunction against the erection of the mill.

4. The erection of a private nuisance, or of a public nuisance peculiarly injurious to the plaintiff, may be restrained.

APPEAL from a judgment of the circuit court for Portage county: JOHN GOODLAND, Judge. *Reversed.*

This is an action in equity brought to perpetually enjoin, as a nuisance, the erection of a planing mill in the city of Stevens Point. The complaint, after alleging the corporate character of the defendant, alleges that the plaintiff owns two lots in the residence portion of the city of Stevens Point on which are located his dwelling house and barn, and that said dwelling house has been occupied by plaintiff and his family as a homestead for more than fifteen years last past; that on May 1, 1900, the respondent commenced to construct a large planing mill on the opposite side of the street from the plaintiff's house and less than ninety feet distant therefrom; that said mill was being constructed for the purpose of dressing and matching lumber and manufacturing the same into flooring, siding, etc.; that such mill was to be operated by steam generated and kept up by the burning of shavings, sawdust, and refuse from the mill on the premises, with the engine house and boiler located next to plaintiff's residence and only ninety feet therefrom. The complaint then proceeds as follows:

"Plaintiff further alleges that said planing mill is being so constructed so as lumber shall be hauled thereto by teams, and unloaded into said planing mill from Crosby avenue, right opposite and near to the residence of this plaintiff, thereby causing that part of the planing mill next and toward the residence of this plaintiff to be open. Plaintiff further alleges that defendant is so constructing said building as and for a planing mill, with the intention of operating the same solely as a planing mill when completed. Plaintiff further alleges

that the construction and operation of said building as a planing mill will render the property of this plaintiff practically valueless as a residence; that the operation of a planing mill at said point will create an immense amount of steam, dust, dirt, and smoke, which will penetrate into the house of this plaintiff, thereby rendering it unfit as a habitation for plaintiff to live in, and that the great noise that will necessarily be created by the operation of said planing mill will be a great nuisance to this plaintiff, as well as a great damage to him, because it will render his home undesirable and unfit as a place of residence, and that the maintenance of said manufacturing plant as a planing mill at said point, and the keeping up of steam there by shavings and sawdust, will greatly enhance the risk of fire to the plaintiff's dwelling, and thereby increase the insurance, as well as the danger of loss to the plaintiff by reason thereof; that the operation of said planing mill will necessarily cause this plaintiff to close up his said house, all the windows and doors, at all times, in order to prevent the steam, smoke, dust, and dirt therefrom from coming into his house in great quantities, and that it will be impossible for him or his family to hang out any clothes in the yard, or to use his yard for any such purposes, or, in fact, to live comfortably in said house or use the same for a dwelling house; . . . that the business of said defendant is the manufacture of lumber, and it is a large manufacturer of lumber, and that it expects and intends, as this plaintiff is informed and verily believes, to use this planing mill in planing all the lumber that it manufactures and is necessary, or their business requires, should be run through a planing mill. Plaintiff further alleges that the erection and maintenance and operation of such planing mill will be a nuisance to this plaintiff, and will be a nuisance as located in the residence portion of said city of Stevens Point, and that it will work an irreparable injury to this plaintiff, cause interminable litigation, and that the injury that will be caused to this plaintiff will be continuous and constantly recurring from day to day during the time that such planing mill is in operation, and while it remains at the place where located, and that this plaintiff has no adequate remedy at law; and that the injury which this plaintiff will suffer is not susceptible of adequate compensation in damages at law."

The complaint also alleges the giving of notice to the defendant, prior to the commencement of the construction of said mill, that the same would be a nuisance to the plaintiff and that an action to restrain the same would be commenced.

A temporary injunctional order was applied for and denied. The defendant answered the complaint, and when the case came to trial the defendant interposed a demurrer *ore tenus*. The bill of exceptions states the action upon said demurrer as follows:

"The `court, having heard the said attorneys, then rendered its opinion, deciding said objection in effect as follows: That the court was of the opinion that the decision of this court heretofore made, denying an injunction in said cause, was *res adjudicata,* but that he did not base his ruling upon said objection on said proposition, but upon the proposition that the said action was an action brought to abate a planing mill, which was not a nuisance *per se,* and that the action having been brought before the said mill was constructed and in operation, and being brought in contemplation and in expectation only that said mill would be a nuisance, the court held that the objection was well taken, and that said complaint did not state a cause of action."

Thereupon judgment was entered dismissing the complaint, and the plaintiff appeals.

The cause was submitted for the appellant on the brief of *Sanborn & Sanborn,* and for the respondent on that of *Cate, Lamoreux & Park.*

WINSLOW, J. The idea expressed by the trial court in deciding the demurrer *ore tenus,* that the former decision of the same court denying a preliminary injunctional order was *res adjudicata* as to the sufficiency of the complaint, was plainly erroneous. An order of the trial court sustaining a demurrer to a pleading is not *res adjudicata* upon the same questions raised upon a second demurrer. *Schoenleber v. Burkhardt,* 94 Wis. 575, 69 N. W. 343. Much less is an order refusing an injunction *res adjudicata* upon a subse-

quent demurrer to the complaint, for the plain reason that there are many grounds besides the insufficiency of the complaint upon which the court might well deny a motion for a temporary injunction. A complaint may be perfectly good, and yet a temporary injunction may be properly refused. However, as the court did not base his ruling upon this proposition, it is not necessary to further consider it.

Doubtless the trial court was right in stating that a planing mill is not a nuisance *per se,* but it is equally clear that an industry which is not a nuisance *per se* may be shown to be conducted in such a manner or in such a place as to be in fact a nuisance. This subject has been so recently discussed in this court that extended treatment of it is unnecessary. In *McCann v. Strang,* 97 Wis. 551, 72 N. W. 1117, it is said that a "lawful trade may, by reason of being carried on at unusual hours or in close proximity to a dwelling house, by reason of noise and other incidents of it, constitute a nuisance." It was further said in that case, in discussing the question of the circumstances under which a noisy trade would become a nuisance to those dwelling in the immediate vicinity, that the rule is that "the noise and other incidents of the business must be such as would be likely to cause some actual, material, physical discomfort to a person of ordinary sensibilities." See, also, *Middlestadt v. Waupaca S. & P. Co.* 93 Wis. 1, 66 N. W. 713. The injury must be substantial and tangible, and the discomfort perceptible to the senses of ordinary people. *Stadler v. Grieben,* 61 Wis. 500, 21 N. W. 629.

Does the complaint before us state facts showing that such an injury is threatened to the plaintiff? We think it does. It states, in substance, that the mill is to be located in a residence portion of the city, within ninety feet of plaintiff's dwelling; that its operation will necessarily create a great amount of steam, dust, dirt, smoke, and noise, which will penetrate plaintiff's house, making it necessary to keep his windows and doors closed at all times, and rendering his home unfit

to live in.   We think these allegations are sufficient to bring the case within the rules above cited.   Whether the plaintiff will be able to substantiate his allegations by sufficient proof is a question not now involved.

The jurisdiction of a court of equity to restrain the erection of a private nuisance, or a public nuisance peculiarly injurious to the party seeking the remedy, cannot be doubted. *Wis. R. I. Co. v. Lyons,* 30 Wis. 61; *Remington v. Foster,* 42 Wis. 608; Stats. 1898, sec. 3180.

*By the Court.*—Judgment reversed, and action remanded for a new trial.