Holman, Respondent, vs. Mineral Point Zinc Company, Appellant.

*February 22—March 10, 1908.*

*Private nuisance: Acid plant: Location and nature of business: Mode of operation: Proximity of dwellings: Pleading convenient location: Complaint: Demurrer: Comparative injury.*

1. The erection and operation of a sulphuric acid plant, located in close proximity to plaintiff's property, which plant through its smokestacks and otherwise emits deleterious acids, fumes, vapors, and substances injurious to plaintiff, and which render her dwelling house, situated upon said property, uninhabitable, constitute a private nuisance, although the operation of such a plant is not in itself unlawful nor the plant *per se* a nuisance.

2. The question of nuisance in the maintenance of any business depends not only upon the character of such business, but also upon its proximity to the dwellings, business, property, or occupancy of others.

3. Any business, though in itself lawful, which necessarily and constantly impregnates large volumes of the atmosphere with disagreeable, unwholesome, or offensive matter may become a nuisance to those occupying adjacent property in case it is so near, and the atmosphere is contaminated to such an extent, as to substantially impair the comfort or enjoyment of such adjacent occupants. In such a case it was no defense that the business was conducted in a reasonable and proper manner and with more than ordinary cleanliness, and that the odors sent over and upon the adjacent premises were only such as were incident to the business when properly conducted.

4. An industry or trade which is not a nuisance *per se* may be conducted in such a manner or in such a place as to be a nuisance.

5. Where the location as well as the nature of a business is relied upon to constitute a nuisance, it is not necessary to state ex-

trinsic circumstances relating to the method of operation of such business.

6. Where the foundation of an action to abate a nuisance is the location of the business complained about, whether that location is convenient or not, under all the circumstances, is a question that may properly be raised by the answer.

7. In an action to abate a nuisance and for damages, under sec. 3181, Stats. (1898), the complaint is not demurrable, if otherwise sufficient, simply because the court on final hearing might not grant all the relief prayed for, as the statute provides that plaintiff shall have judgment for damages and costs, and also for an abatement unless the court shall certify that the latter is unnecessary.

8. In an action to abate an acid plant as a nuisance by reason of its proximity to plaintiff's dwelling, whether the court may apply the doctrine of comparative injury to the respective parties is not before this court on an appeal from an order overruling a demurrer to the complaint.

APPEAL from an order of the circuit court for Iowa county: GEORGE CLEMENTSON, Circuit Judge. *Affirmed.*

This is an appeal from an order overruling a demurrer to the complaint. The complaint, after stating the incorporation, location, and business of the defendant and the ownership by the plaintiff of the land therein described and the dwelling situated thereon, alleges in substance: That for a great many years up to 1901 plaintiff had occupied said property as her dwelling, and that the same, but for facts subsequently alleged, is of the value of $3,000; that the defendant owns and occupies land contiguous to and in the immediate vicinity of said property; that it had erected thereon, in close proximity to plaintiff's property, in 1901 a sulphuric acid plant; that it has operated the same since its erection for the manufacture of sulphuric acid, and has caused to be sent out from said acid plant large volumes of unwholesome and destructive smoke, fumes, vapors, and substances which penetrated plaintiff's dwelling house and caused such annoyance and discomfort therein that plaintiff was thereby compelled to remove therefrom; that such de-

structive substances are dangerous to her health as well as offensive, and pollute the water in the entire vicinity and particularly upon plaintiff's property, so as to render the same unsanitary and unfit for use and dangerous to the health of plaintiff and her family; that such obnoxious substances have rendered the atmosphere on plaintiff's property unhealthful, have caused plaintiff much suffering and sickness, destroyed all the vegetation upon her property as well as clothes hung out upon the same, and rendered her property uninhabitable; that such fumes and substances greatly impair the value of plaintiff's property and lessen the rental value thereof; that they and the plant from which they are emitted and sent out constitute and are a nuisance; and that the defendant still continues to maintain said sulphuric acid plant and to emit therefrom said deleterious substances, to her great damage. The prayer is for an abatement of the nuisance under the statute and for damages. The sufficiency of the facts stated in the complaint to constitute a cause of action is challenged by the demurrer.

The cause was submitted for the appellant on the brief of *Spensley & McIlhon,* attorneys, and *P. A. Orton,* of counsel, and for the respondent on that of *Fisher & Oestreich.*

BASHFORD, J.    This is a statutory action to abate a private nuisance and to recover damages for the injuries thereby occasioned. The gravamen of the complaint is that the defendant has erected a sulphuric acid plant, located in close proximity to plaintiff's property, which it operates, and that this plant, through its smokestacks and otherwise, emits deleterious acids, fumes, vapors, and substances injurious to the plaintiff, and which renders her dwelling house, situated upon said property, uninhabitable. The dwelling house had been occupied by the plaintiff and her deceased husband for many years prior to the erection of the sulphuric acid plant in 1901. The question is: Does the erection and operation

of the plant, under the circumstances stated in the complaint, in close proximity to plaintiff's dwelling and rendering it unfit for occupancy, constitute a private nuisance? This question must be answered in the affirmative under the rule of this court as stated in *Pennoyer v. Allen,* 56 Wis. 502, 14 N. W. 609. In that case a tannery was sought to be abated as a nuisance by the owner of a sanitarium upon adjacent premises. After an exhaustive examination of the authorities and upon full consideration, this court held that the question of nuisance in the maintenance of any business depends not only upon the character of such business, but also upon its proximity to the dwellings, business, property, or occupancy of others. And that any business, though in itself lawful, which necessarily and constantly impregnates large volumes of the atmosphere with disagreeable, unwholesome, or offensive matter may become a nuisance to those occupying adjacent property in case it is so near, and the atmosphere is contaminated to such an extent, as to substantially impair the comfort or enjoyment of such adjacent occupants; that in such case it is no defense that the business was conducted in a reasonable and proper manner and with more than ordinary cleanliness, and that the odors sent over and upon the adjacent premises were only such as were incident to the business when properly conducted. It is said in the opinion (p. 511, 14 N. W. 613):

"The maintenance of life and business, especially in crowded cities, necessitates the imparting of a certain degree of impurity to the atmosphere. The law gives protection only against substantial injury. To be of legal cognizance the injury must be tangible, or the discomfort perceptible to the senses of ordinary people. Undoubtedly a party has the unlimited and unqualified right to use his property as he pleases, provided he does not so use it as to become a nuisance to others. Such rights, duties, and obligations between the respective owners of adjacent lands are necessarily reciprocal. . . . It is because a person maintains something

that annoys or incommodes another or his business—something noxious or offensive to another—that such right of action is given.    The question of nuisance, therefore, depends not only upon the character of the business maintained, but its proximity to the dwellings, business, property, or occupancy of others."

It is urged on behalf of the appellant that the business is lawful and that the plant is not *per se* a nuisance.    This contention is also met by the decision in the *Pennoyer Case*.    It is said (p. 512, 14 N. W. 613):

"The business is lawful; but such interruption and destruction is an invasion of private rights, and to that extent unlawful.    It is not so much the manner of doing as the proximity of such a business to the adjacent occupant which causes the annoyance."

An industry or trade which is not a nuisance *per se* may be conducted in such a manner or in such a place as to be a nuisance, as a planing mill in the residence portion of a city. *Rogers v. John Week L. Co.* 117 Wis. 5, 93 N. W. 821. The quotation made by the learned counsel for the appellant from 21 Am. & Eng. Ency. of Law (2d ed.) 692, recognizes the rule that the nature of the business and the location must be considered in determining whether or not a nuisance has been created.    Where that is the ground of complaint it is not necessary to state extrinsic circumstances relating to the method of operation.    Appellant's counsel places much reliance upon *Kinney v. Koopman,* 116 Ala. 310, 22 South. 593, which was an action for damages sustained by the explosion of large quantities of gunpowder and dynamite stored in the city, and quotes the second sentence from the concluding paragraph of the opinion.    The sentence which precedes is more directly applicable.    The two sentences are as follows:

"We are of opinion that a count *prima facie* sufficiently shows a want of due care which charges the storing of large quantities of gunpowder in a wooden building in a populous

place in the city of Cullman. The demurrer was properly sustained to the count which merely charged the storing gunpowder and its explosion, without further averment showing that on account of location, quantity, and surrounding circumstances it was dangerous."

This complaint does state that the sulphuric acid plant is a nuisance by reason of its location in close proximity to the plaintiff's property on which her dwelling house is situated.

Criticism of the complaint is made because the process of manufacturing the acid is not stated; but that is not material, for the foundation of the action is that the location of the plant is such as to cause material inconvenience and damage, irrespective of the manner in which it is operated. Whether that location is convenient or not, under all the circumstances, is a question that may properly be raised by the answer. Appellant relies with much confidence on *Mountain C. Co. v. U. S.* 142 Fed. 625, a decision of the court of appeals, Ninth circuit. That was a suit to enjoin the operation of a copper smelter as a nuisance and for damages occasioned by the destruction of timber on near-by lands. It is there held that, where an owner of property cannot use the same at all without indirectly injuriously affecting the property of another, the sound discretion of a court of equity is invoked when it is appealed to and asked to abate such use as a nuisance, and in such case the court will consider the comparative injury which will result from the granting or refusing of an injunction, and that it will not be granted when it would cause a large loss to the defendant, while the injury to the plaintiff, if refused, will be comparatively slight and can be compensated by damages. That decision could only be applicable on the question of the abatement of the nuisance, as the right of the plaintiff to recover damages is distinctly recognized. As already stated, this is an action to abate the nuisance and for damages, and the complaint is not demurrable, if otherwise sufficient, simply because the

court on final hearing might not grant all the relief that is prayed for. Sec. 3181, Stats. (1898), provides that if the plaintiff prevails he shall have judgment for damages and costs, and also for an abatement of the nuisance, unless the court shall certify that such abatement is unnecessary.

Whether the court may apply the doctrine of comparative injury to the respective parties in rendering the judgment is not before the court for decision on this appeal. The other grounds for demurrer were not urged upon the attention of the court and are treated as abandoned. We hold that the complaint states a cause of action, and that the demurrer was properly overruled.

*By the Court.*—The order appealed from is affirmed.