IN RE the MARRIAGE OF: Linda M.
PEERENBOOM, Petitioner-Respondent,

v.

Jay F. PEERENBOOM, Respondent-Appellant.

Court of Appeals

*No. 88–0017. Submitted on briefs September 29, 1988.—*
*Decided November 15, 1988.*

(Also reported in 433 N.W.2d 282.)

For appellant there were briefs filed by *John Sattler* of Tomahawk.

For respondent there was a brief filed by *James Kurth* of Wausau.

Before Cane, P.J., Myse and Fine, JJ.

CANE, P.J. Jay F. Peerenboom appeals a divorce judgment from Linda Peerenboom and raises three issues. He claims that 1) the trial court erred when valuing his dental practices; 2) it abused its

discretion when setting child support, maintenance; and 3) it abused its discretion by requiring him to contribute toward Linda's attorney fees and pay the guardian ad litem fees. We find merit only to his first argument. Accordingly, we affirm in part, reverse in part, and remand for proceedings consistent with this opinion.

Jay and Linda were in their mid-thirties at the time of the divorce and had been married for nine years. Their three children were ages nine, five and seven. Jay is a dentist with his own practice, and Linda has a nursing degree but is not employed outside the home.

Jay has practiced as a dentist in Wausau for approximately ten years. Both Jay and Linda had certified public accountants testify as expert witnesses on their behalf. Jay's expert attributed no value to the goodwill of the dental practice because, in his opinion, Jay's income had been less than the income of most dentists in the area. On the other hand, Linda's expert valued the goodwill of the dental practice at $95,000. The entire practice, including tangible assets and goodwill, was valued at $47,000 by Jay's expert and $151,000 by Linda's expert.

The trial court rejected the testimony of both experts. In doing so, the court stated that it was undisputed that the tangible assets were valued at $47,000 and "[i]f the Court were to double that as being the good will, then I think that is just as good a criteria for the Court to follow as the testimony of the expert witnesses, absent the showing of a ready, willing, and able buyer." In effect, the court found that the goodwill was valued at $47,000. Finally, the court concluded that the total .value of the dental

practice was $94,000, including accounts receivable, supplies, equipment and goodwill.

A property division is addressed to the trial court's discretion. *Weiss v. Weiss,* 122 Wis. 2d 688, 692, 365 N.W.2d 608, 610 (Ct. App. 1985). A party challenging a court's discretionary decision must establish that the court made a mistake of fact, an error in computation, or that the award is inappropriate to the parties' circumstances. *Dean v. Dean,* 87 Wis. 2d 854, 877, 275 N.W.2d 902, 912 (1979). A discretionary decision is upheld if the trial court gives rational reasons for its decision. *See Littmann v. Littmann,* 57 Wis. 2d 238, 250, 203 N.W.2d 901, 907 (1973). A rationale based upon factual errors or no facts in the record is an abuse of discretion. *Thorpe v. Thorpe,* 108 Wis. 2d 189, 195, 321 N.W.2d 237, 240 (1982).

Goodwill was originally recognized in a commercial business and not in a professional practice, which depends upon the skill and reputation of a particular person. *Holbrook v. Holbrook,* 103 Wis. 2d 327, 346, 309 N.W.2d 343, 352 (1981). Goodwill is at best intangible. As stated in *Holbrook,* "by general definition, [goodwill is] speculative and uncertain except to the extent that it has already been established by an arms-length bargaining in the open market place." *Id.* at 347, 309 N.W.2d at 352.

Case law is inconsistent with the treatment of goodwill. *Id.* In *Holbrook,* our supreme court stated: "We are not persuaded that the concept of professional goodwill as a divisible marital asset should be adopted in Wisconsin." *Id.* at 350, 309 N.W.2d at 354. *Holbrook,* however, involved the division of an individual lawyer's interest in a large law firm. The court explained that due to ethical and contractual consid-

erations, his interest in the law firm's goodwill could not be exchanged or sold on the open market. The court concluded therefore that it would be inequitable to compel "a professional practitioner to pay a spouse a share of intangible assets at a judicially determined value that could not be realized by a sale or another method of liquidating value." *Id.* at 351, 309 N.W.2d at 355. The court observed that the firm's goodwill was reflected in the husband's salary.

In contrast, in this case the record shows no ethical or contractual barrier to Jay's disposing of his interest in his dental practice. Accordingly, to the extent that the evidence shows that the goodwill exists, is marketable, and that its value is something over and above the value of the practice's assets and the professional's skills and services, it may be included as an asset in the marital estate and be subject to division.

However, double counting an asset is not permitted. *See Chen v. Chen,* 142 Wis. 2d 7, 16–17, 416 N.W.2d 661, 665 (Ct. App. 1987). Therefore, care must be taken to ensure that the goodwill is indeed a separate asset, rather than the established employment or earning capacity of the professional. If it is not established as a separate asset, but merely a measure of earning capacity, its value would then improperly be taken into consideration more than once. It would be a factor in setting support and maintenance, as well as an asset to be divided in the property division.

In this case, the trial court made no specific finding as to whether the goodwill was marketable and failed to base its determination of value on

evidence in the record. No evidence was received to support the court's conclusion that its value was double or equal to the value of the tangible assets. Rather, it was an arbitrary conclusion based on nothing more than the court's unsupported opinion after rejecting both experts. Failure of the trial court to support its decision with facts of record is an abuse of discretion. *Thorpe,* 108 Wis. 2d at 197–98, 321 N.W.2d at 242.

Jay also contends that the trial court abused its discretion by failing to consider the debts outstanding against the dental practice. We agree. The trial court stated that the business debts "have no direct bearing on the value of the assets." However, when the trial court included accounts receivable as part of the assets, it then refused to consider the outstanding debts and bills. We are unable to understand why it would not offset these accrued debts against the accrued income. The court gave no explanation, and the record discloses none. Moreover, we are uncertain from the trial court's findings whether the accounts receivable were considered solely as assets, or whether they were also considered in calculating Jay's anticipated income for support and maintenance purposes. It is error for accounts receivable to be treated as both assets and income. *See Ondrasek v. Ondrasek,* 126 Wis. 2d 469, 478–79, 377 N.W.2d 190, 194 (Ct. App. 1985) (for discussion as to the alternative treatment of accounts receivable).

Because the trial court failed to value the dental practice on sufficient evidence and adequate reasoning, we conclude that the trial court abused its discretion. Accordingly, we reverse the judgment

relative to the valuation of the dental practice and remand this matter to the trial court. As a part of the remand, the trial court is to determine whether goodwill exists and, if so, its value. In order to make appropriate findings with respect to the dental practice, the trial court in its discretion may elect to receive additional evidence. In light of its findings on remand, the trial court may make appropriate adjustments to the overall property division as it deems necessary.

Jay next contends that the trial court abused its discretion when setting the amounts awarded for child support and maintenance. We disagree. Support and maintenance are also addressed to the trial court's discretion. *See Dean,* 87 Wis. 2d at 877, 275 N.W.2d at 912–13. The trial court set child support at $1,450 per month based upon Jay's estimated income of $60,000 per year. This is within the percentage standards that call for 29% of Jay's gross income. Sec. 767.25, Stats. Implicit in the court's award is the decision that no unfairness results from this determination. Sec. 767.25(1n), Stats.; *see also Sohns v. Jensen,* 11 Wis. 2d 449, 453, 105 N.W.2d 818, 820 (1960) (we assume the missing specific finding was determined in support of the judgment). Also, evidence in the form of Linda's budget supports a finding that the sum awarded was required to support the three young children. We are not persuaded by Jay's argument that the parties' joint custody agreement was sufficient excuse to deviate from the guidelines.

We also conclude that the trial court's award of maintenance for eleven years was within its discretion. The initial sum was set at $1,000 per month until Jay paid a loan on the vehicle awarded to Linda.

Thereafter, Linda receives $1,200 per month. Jay complains that as a result of these orders, he is left with just $1,200 per month that is insufficient to meet his living expenses. He also contends that the trial court erred when it deemphasized Linda's employability.

The record shows that Linda's expenses, together with those of the children, approximate the amount awarded for support and maintenance. Due to the number of children, their ages, and the fact that the oldest is developmentally disabled, it was reasonable for the trial court to award sufficient support and maintenance to allow Linda to remain a full-time homemaker. The fact that increased expenses of maintaining separate households results in a decrease in living standards does not require a finding of an abuse of discretion. *See LaRocque v. LaRocque,* 139 Wis. 2d 23, 35, 406 N.W.2d 736, 740–41 (1987).

Finally, Jay contends that it was error for the trial court to award Linda a $1,500 attorney fee contribution and to require him to pay the guardian ad litem fees. Although the record shows that both parties' funds were limited, we conclude that the record supports the trial court's exercise of discretion that Jay would be in a better position to finance the payment of these costs.

*By the Court.*—Judgment affirmed in part, reversed in part, and cause remanded. No costs are awarded to either party.