Lloyd STUNKEL and Lorraine Stunkel, Plaintiffs-Appellants,†

v.

PRICE ELECTRIC COOPERATIVE and Federated Rural Electric Insurance Corporation, Defendants-Respondents.

Court of Appeals

*No. 98–2764. Submitted on briefs July 13, 1999.—Decided July 30, 1999.*

(Also reported in 599 N.W.2d 919.)

†Petition to review denied.

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *B.J. Hammarback* and *Daniel P. Murray* of *Hammarback Law Offices, S.C.* of River Falls.

On behalf of the defendants-respondents, the cause was submitted on the briefs of *Denis R. Vogel* and *Patricia M. Williams* of *Wheeler, Van Sickle & Anderson, S.C.* of Madison.

A non-party brief was filed by *Ted A. Warpinski* of *Friebert, Finerty & St. John, S.C.* of Milwaukee and *Mark L. Thomsen* of *Cannon & Dunphy, S.C.* of Brookfield, for Wisconsin Academy of Trial Lawyers.

Before Cane, C.J., Myse, P.J., and Hoover, J.

MYSE, P.J.   Lloyd and Lorraine Stunkel appeal a judgment dismissing their claim against Price Electric Cooperative and Federated Rural Electric Insurance Corporation for economic losses sustained as the result of stray voltage the Stunkels allege Price Electric produced on their farm causing diminished herd productivity. The Stunkels contend that the trial court erred when it concluded that, because a finding of negligence is a prerequisite to recovery under a private unintentional nuisance claim and, because the jury found that Price Electric was not negligent in producing the stray voltage, the Stunkels were not entitled to judgment. The Stunkels argue that the jury's finding that Price Electric created a nuisance resulting in economic loss is sufficient to justify a judgment, notwithstanding there was no underlying negligent

conduct. We conclude that a person may not recover damages from a private unintentional nuisance in the absence of underlying negligent or reckless conduct or abnormally dangerous conditions or activities. Because there is sufficient credible evidence in the record to sustain the jury's finding that Price Electric was not negligent, we affirm the trial court's judgment changing the answer to the jury's nuisance finding and dismissing the claim.

The Stunkels operated a family dairy farm in Price County and received electric power from Price Electric Cooperative. The Stunkels brought suit on negligence and nuisance theories, alleging that excessive stray voltage caused by Price Electric resulted in their herd's lower milk production. Following trial the jury concluded that Price Electric was not negligent in permitting stray voltage to exist on the Stunkel farm. The jury also found, however, that Price Electric operated its utility in a manner that created a nuisance and awarded $208,985 in economic damages and $10,000 for inconvenience and annoyance.

The Stunkels requested a judgment on the verdict in the amount of $218,895. In the alternative, the Stunkels sought: (1) an order changing the jury's answers as to negligence and causation to "yes" and then granting the Stunkels judgment; or (2) a new trial. Price Electric moved the court to change the answers to the nuisance finding to "no" and for judgment on the verdict dismissing all claims. The trial court concluded that the Stunkels were not entitled to recover damages unless the jury had answered the negligence inquiry affirmatively. Therefore, it entered judgment dismissing the Stunkels' complaint and awarding costs to Price Electric.

The sole issues presented on this appeal are whether a claim for private unintentional nuisance requires proof of prerequisite underlying conduct and, if so, whether such conduct was established in this case. The legal basis for a nuisance claim presents a question of law which this court resolves without deference to the trial court's determination. *See Vogel v. Grant-Lafayette Elec. Coop.*, 201 Wis. 2d 416, 422, 548 N.W.2d 829, 832 (1996); *see also In re Jason P.S.*, 195 Wis. 2d 855, 862, 537 N.W.2d 47, 49–50 (Ct. App. 1995) (determination of proper legal standard to be applied is a question of law). Furthermore, we must sustain the jury's verdict if any credible evidence under any reasonable view fairly admits an inference that supports the jury's verdict. *Bleyer v. Gross*, 19 Wis. 2d 305, 307, 120 N.W.2d 156, 158 (1963). In applying this standard of review, we must view the evidence in the light most favorable to support the verdict. *Id.*

We begin by considering whether a claim for private nuisance requires proof of prerequisite underlying conduct. Wisconsin has expressly adopted the RESTATEMENT (SECOND) OF TORTS § 822 into the law of private nuisance. *CEW Management Corp. v. First Fed. S&L Ass'n*, 88 Wis. 2d 631, 633, 277 N.W.2d 766, 767 (1979). In addressing the issue of private nuisance, the RESTATEMENT (SECOND) OF TORTS § 822 (1979), provides:

> One is subject to liability for a private nuisance if, but only if, his conduct is a legal cause of an invasion of another's interest in the private use and enjoyment of land, and the invasion is either
>
> (a)     intentional and unreasonable, or
>
> (b)     unintentional and otherwise actionable under the rules controlling liability for negli-

gent or reckless conduct, or for abnormally dangerous conditions or activities.

The Restatement unambiguously provides for prerequisite conduct in order to support a claim for private nuisance. Although the Stunkels contend that the Restatement requirements do not adequately reflect Wisconsin law, there are a variety of cases that have embraced the Restatement's analysis. For example, in *Fortier v. Flambeau Plastics Co.*, 164 Wis. 2d 639, 651, 476 N.W.2d 593, 597 (Ct. App. 1991), the court specifically upheld a private nuisance claim only "to the extent [that it was] founded on the defendants' negligence." Thus, the prerequisite of negligence was recognized as necessary to prosecute a claim for damages based on private nuisance.

Also, in *Vogel*, 201 Wis. 2d at 425, 548 N.W.2d at 833–34 (internal quotation omitted), the court specifically acknowledged the Restatement in the context of a stray voltage claim and stated: "Under the Restatement, a nuisance may be premised on an invasion of an interest of another's use and enjoyment of land that is unintentional and otherwise actionable under the rules controlling liability for negligent . . . conduct."

Because the *Vogel* jury found both negligence and a nuisance, the electric cooperative was liable for the damages arising from stray voltage that had affected herd health and production on the Vogel farm. *Id.* at 420–21, 548 N.W.2d at 832. The *Vogel* court further permitted comparison of negligence between the plaintiff and defendant in the nuisance claim because of the requirement that negligent conduct underlie a claim for private nuisance. *Id.* at 425, 548 N.W.2d at 834. The court concluded that when negligence is the prerequisite conduct underlying a claim of nuisance, the underlying rules of negligence are applicable to a nui-

sance claim, including consideration of plaintiff's "contributory negligence." *Id.*

The Stunkels contend the law of this state is to the contrary. They rely on *Pennoyer v. Allen*, 56 Wis. 502, 14 N.W. 609 (1883), as support for their claim that a private nuisance is actionable without underlying conduct. In *Pennoyer*, which involved noxious odors being emitted from a tannery, the court seemed to suggest a concept of strict liability in analyzing private nuisance claims. *Id.* at 512, 14 N.W. at 613. Further, in *Sohns v. Jensen*, 11 Wis. 2d 449, 105 N.W.2d 818 (1960), involving the burning of junked automobiles which created both odors and dense smoke, the court noted that a business may be liable for nuisance even though the business's conduct was in accordance with the law. *Id.* at 460, 105 N.W.2d at 824. The Stunkels assert this analysis to argue that the effect of the conduct and not the conduct itself is critical to a nuisance claim.

While we acknowledge that some language in the earlier cases suggests a strict liability analysis, we conclude that these cases are not inconsistent with the Restatement requirements. In each case, the business was operating lawfully but engaged in intentional conduct that severely affected the neighbor's peaceful use and enjoyment of their property. A finding of intentional but unreasonable conduct, even though lawful, is sufficient to meet the requirements of the Restatement under subsection (a). We conclude therefore that the cases the Stunkels cite are indicative of intentional and unreasonable but lawful acts that cause damage to a neighbor. Lawful conduct that interferes with another's rights may be actionable in nuisance in those cases where intentional but unreasonable conduct is asserted as the underlying basis for a nuisance claim.

RESTATEMENT (SECOND) OF TORTS § 822 (1979). Accordingly, based on the unambiguous provisions of the Restatement which have been approved, adopted and applied by our courts, we conclude that no claim for private nuisance may be made without the underlying prerequisite conduct being proved.

Next, we consider whether the Stunkels have established the necessary underlying conduct to support their nuisance claim. Stunkel contends on appeal that Price Electric's conduct amounts to an intentional invasion as identified in sub. (a) of the Restatement. The record reflects that at the jury instruction conference, the court inquired whether the Stunkels were asserting an intentional nuisance. While the Stunkels would not concede the issue, the trial court stated that for purposes of the discussion at that point there was no issue of intentional nuisance. Subsequent to the court's statement, the Stunkels neither pursued an intentional nuisance instruction at the instruction conference, nor objected that one was omitted.

■■ Section 805.13(3), STATS., requires counsel to object to proposed instructions or the verdict on the grounds of incompleteness or other error. Failure to do so constitutes waiver. *Id.* We conclude that the Stunkels' failure to pursue arguing for an intentional nuisance instruction and failure to object that one was omitted constitutes waiver of this issue. Furthermore, because the Stunkels did not assert that Price Electric was engaged in an abnormally dangerous activity or reckless conduct, they waived this issue as well. Section 805.13(3), STATS.

Therefore, in this case, the sole claim of underlying conduct involves a claim of negligence. Unless the Stunkels could demonstrate Price Electric's negli-

gence, their nuisance claim cannot lie. Here, the jury found that Price Electric did not engage in negligent conduct causing damage to the Stunkels. If that conclusion is supported by the evidence, the trial court properly dismissed the nuisance claim because the underlying prerequisite conduct had not been proven.

■

Therefore, we next consider whether the jury's conclusion that Price Electric did not engage in negligent conduct is supported by the record. Evidence supporting a finding of negligence is insufficient to change the jury's answer that Price Electric was not negligent. *See In re Estate of Becker*, 76 Wis. 2d 336, 347, 251 N.W.2d 431, 435 (1977) (we examine the record, *not for facts supporting a finding the trial court did not make or could have made, but for facts to support the finding the trial court did make*). Rather, we search the record for any credible evidence that under any reasonable view supports the jury's verdict. *Nieuwendorp v. American Family Ins. Co.*, 191 Wis. 2d 462, 472–73, 529 N.W.2d 594, 598 (1995).

Charles Forster, a professional electrical engineer, reviewed the electrical readings taken by Price Electric, the State, and the Stunkels' experts. He testified that both the primary and secondary electrical systems were functioning properly and that there was nothing wrong with the electrical service on the Stunkels' farm. He further stated that the grounding system was operating properly and that the primary lines and the splicing and connection on the primary lines were proper and had been properly maintained. Foster concluded that there were no problematic levels of stray voltage on the Stunkels' farm. Although the jury's nuisance finding seems to have rejected this final conclusion, the jury was free to accept Forster's opin-

ions that the service line was properly constructed and maintained and that the farm and utility system were well grounded.

Forster's opinion was reinforced by Matthew Schwartz, another professional engineer, who also concluded that Price Electric had properly constructed and maintained lines and that the grounding system was effective and exceeded industry standards. Schwartz further concluded that the isolation device that was installed was sufficient to protect the herd from stray voltage at cow contact points. He concluded that there was not enough stray voltage to cause problems. While a jury could have reached a contrary conclusion based on other evidence, this evidence was sufficient to support a finding that Price Electric was not negligent in delivering electric power to the Stunkel farm. Accordingly, the jury's conclusion must be sustained. *See id.* In the absence of the prerequisite negligent conduct necessary to support a private unintentional nuisance claim, the trial court properly dismissed the Stunkels' complaint. Therefore, we affirm the judgment.

*By the Court.*—Judgment affirmed.