**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**June 3, 2026**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

**This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.**

**A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.** *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No.** **2025AP2366**

**STATE OF WISCONSIN**

Cir. Ct. No. 2025SC2971

**IN COURT OF APPEALS**
**DISTRICT II**

IJS STORAGE, LLC,

PLAINTIFF-RESPONDENT,

V.

PATRICK FAGAN,

DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Kenosha County: DAVID P. WILK, Judge. *Affirmed*.

¶1     GROGAN, J.[1]   Patrick Fagan, pro se, appeals from a judgment of eviction entered after a bench trial.  Fagan asks this court to reverse the judgment of eviction and vacate the corresponding writ of restitution.  This court affirms.

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2) (2023-24). All references to the Wisconsin Statutes are to the 2023-24 version.

# I. BACKGROUND

¶2 In November 2023, Fagan sold property to IJS Storage, LLC (IJS) and entered into a six-month lease wherein he agreed to pay IJS $1,000/month for six months as a tenant. The lease term ran from November 2023 through April 2024. After that time period, the tenancy continued as a month-to-month tenancy where Fagan continued to pay the $1,000/month to IJS. On August 27, 2025, IJS hand delivered to Fagan a notice it was terminating the tenancy and a notice of default for lack of compliance with the terms and conditions of the lease agreement that required Fagan to maintain insurance on the property. The notice terminating the tenancy indicated that Fagan should vacate the property on or before September 30, 2025 and if he failed to do so, IJS may bring an eviction action.

¶3 Instead of vacating the premises, Fagan filed a lawsuit challenging whether IJS actually held title to the property.[2] He claims that because IJS is a foreign corporation who had not yet registered to do business in Wisconsin, that the sale of the property to IJS was invalid.

¶4 IJS filed this small claims eviction action on October 2, 2025. The case was tried to the circuit court on October 21, 2025, after which the court ruled in favor of IJS.

---

[2] Fagan also believes that he is being evicted because of some allegedly fraudulent activity he claims to have discovered after IJS asked him to pay the water bill. This court, however, just like the circuit court, is limited to reviewing only whether IJS proved its eviction action.

¶5      Fagan filed a notice of appeal on October 22, 2025.  He raises a number of issues challenging the eviction.  He claims: (1) IJS was not the owner of the property, and, therefore, the lease was invalid; (2) his lawsuit challenging whether IJS held title to the property should have stayed the proceedings; (3) IJS's notice terminating the tenancy was invalid; (4) the eviction was retaliatory; and (5) a number of procedural rulings taken together denied him a fair trial.[3]

## II.  DISCUSSION

¶6      Essentially, Fagan challenges the sufficiency of the evidence supporting the circuit court's judgment of eviction.  He asserts that there are disputed factual issues the court did not resolve.  Fagan's claims are refuted by the court's findings, the applicable law, and the trial transcript.

¶7      This court upholds the circuit court's findings of fact unless they are clearly erroneous.  WIS. STAT. § 805.17(2).  "[A] finding of fact is clearly erroneous when 'it is against the great weight and clear preponderance of the evidence.'"  *Phelps v. Physicians Ins. Co. of Wis., Inc.*, 2009 WI 74, ¶39, 319 Wis. 2d 1, 768 N.W.2d 615 (citation omitted).  The circuit court "is the ultimate arbiter of the credibility of the witnesses" when it acts as the finder of fact.  *Cogswell v. Robertshaw Controls Co.*, 87 Wis. 2d 243, 250, 274 N.W.2d 647 (1979).  If "more than one reasonable inference can be drawn from the credible evidence, [we] must accept the inference drawn by the [circuit court]."  *Id.*

---

[3] Fagan also asserts the circuit court erred in expanding the WIS. STAT. § 799.445 undertaking beyond what the statute allowed, but the stay and corresponding undertaking was ordered by the court after he filed his notice of appeal and, therefore, will not be addressed.  *See Chicago & N. W. R.R. v. LIRC*, 91 Wis. 2d 462, 473, 283 N.W.2d 603 (Ct. App. 1979) ("An appeal from a judgment does not embrace an order entered after the judgment.")

Interpretation of statutes presents a question of law reviewed de novo. *State ex rel. U.S. Cellular Operating Co. v. Town of Fond du Lac*, 2025 WI App 21, ¶21, 415 Wis. 2d 720, 19 N.W.3d 627.

¶8      Fagan fails to convince this court that the circuit court's findings were clearly erroneous. This court has reviewed the trial transcript and the circuit court's decision concluding that IJS was the legal owner of the property, that IJS provided proper notice to Fagan to terminate the month-to-month tenancy, and that the eviction was proper—not retaliatory. Both the facts and the law support the circuit court's decision. The court made its decision after hearing the testimony of the witnesses and reviewing the documents submitted into evidence, including the lease, the ownership documents pertaining to the property, and the notice terminating the tenancy. To the extent there was conflicting testimony, the court, as the finder of fact, resolved the conflicts based on its credibility assessment, and this court defers to those determinations. *See Cogswell*, 87 Wis. 2d at 250; *see also Jacobson v. American Tool Cos., Inc.*, 222 Wis. 2d 384, 390, 588 N.W.2d 67 (Ct. App. 1998) ("If a circuit court does not expressly make a finding about the credibility of a witness, we assume it made implicit findings on a witness' credibility when analyzing the evidence.").

¶9      Fagan believes IJS was not the valid owner of the property and therefore could not be a legal landlord. Fagan fails to prove that the circuit court erred in finding that IJS was the legal owner of the property. The court found that IJS bought the property from Fagan; that IJS and Fagan entered into a valid lease; that after the lease term ended, the tenancy became a month-to-month tenancy; and that the termination of tenancy notice was valid. *See Sohns v. Jensen*, 11 Wis. 2d 449, 453, 105 N.W.2d 818 (1960) (stating that an appellate court will assume that the circuit court determined disputes of fact in a manner that supports

4

the court's ultimate decision). Steven Bilik, an owner of IJS, testified that he bought the property from Fagan, then entered into a lease with Fagan, which became a month-to-month tenancy at the conclusion of the lease. He also testified about the notice terminating the tenancy and that he handed it to Fagan.

¶10 Further, the Record demonstrates that Fagan paid rent under this landlord-tenant arrangement for almost two years. There was no claim that IJS did not lawfully own the property or that the lease was not valid until IJS filed its notice of termination of the tenancy and initiated the eviction action.

¶11 The pertinent statutes support the circuit court's decision as well. WISCONSIN STAT. § 704.19 permits a landlord to terminate the tenancy as IJS did here. Bilik's testimony together with the termination notice itself proves that Fagan received written notice of the termination of his tenancy, with the date of termination and with more than 28 days notice. *See* sec. 704.19(3), (4) (requiring written notice of at least 28 days indicating intent to terminate and date of termination). WISCONSIN STAT. § 183.0902(3) allows a foreign limited liability company, which has not yet registered to do business in Wisconsin, to enter into a contract, and it expressly states that lack of registration does not impair its ability to obtain title to property. Although IJS did not register to do business in Wisconsin until February 2024, Fagan fails to prove that this invalidated the sale of the property that occurred a few months earlier.

¶12 Fagan fails to prove a valid retaliatory eviction claim as IJS had a legitimate, nonretaliatory basis to evict him—he neglected to maintain insurance on the property. *See **Dickhut v. Norton***, 45 Wis. 2d 389, 399, 173 N.W.2d 297 (1970) (requiring tenant to prove by clear and convincing evidence that landlord evicted for the "sole purpose of retaliation"). Fagan's attempt to avoid the

eviction based on WIS. STAT. § 799.43 also fails as that statute does not apply to the facts of this case.

¶13 Regarding Fagan's claim that cumulative procedural rulings deprived him of a fair hearing, this court disagrees. The circuit court has the authority and discretion to control and manage its schedule, to adjust and change deadlines, and to decide how to handle violations of its orders. *See* WIS. STAT. § 802.10(3); ***Parker v. Wisconsin Patients Comp. Fund***, 2009 WI App 42, ¶9, 317 Wis. 2d 460, 767 N.W.2d 272 ("Wisconsin circuit courts have inherent power, within the limits of their discretion, to control their dockets."). The discretionary errors Fagan asserts, even when viewed cumulatively, fail to convince this court that Fagan's eviction hearing violated due process.[4]

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.

---

[4] This court presumes that even when the circuit court does not make explicit factual findings, that it resolved all factual disputes presented at trial consistent with its ultimate judgment of eviction. *See **Sohns v. Jensen***, 11 Wis. 2d 449, 453, 105 N.W.2d 818 (1960) ("The court on appeal will also assume when a finding is not made on an issue which appears from the record to exist, that it was determined in favor of or in support of the judgment.").

6