COURT OF APPEALS
DECISION
DATED AND FILED

June 16, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No. 2019AP8**

**STATE OF WISCONSIN**

Cir. Ct. No. 2016CV172

**IN COURT OF APPEALS
DISTRICT III**

---

LIANE M. WONG,

   PLAINTIFF-APPELLANT,

V.

THEODORE C. MANEAGE AND JANEAN K. MANEAGE,

   DEFENDANTS-RESPONDENTS.

---

APPEAL from an order of the circuit court for Burnett County: MELISSIA R. MOGEN, Judge. *Affirmed*.

Before Stark, P.J., Hruz and Seidl, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM. Liane Wong appeals an order that denied her motion for summary judgment, granted summary judgment in favor of Theodore

and Janean Maneage ("the Maneages"), and dismissed Wong's action with prejudice. Wong argues the circuit court erred by granting the Maneages summary judgment on Wong's private nuisance claim. We disagree and, therefore, affirm the order.

## BACKGROUND

¶2 The following facts are undisputed. Wong and the Maneages own adjoining lakefront property in Burnett County. Wong purchased her property, which included a seasonal cabin, from her sister in 2008, unaware that the property was located in a floodplain. In 2012, the Maneages began construction of a year-round residential structure to replace their seasonal cabin. While visiting her cabin in 2014, Wong experienced ponding around her garage following a heavy rainfall. Later that year, the Maneages built a retaining wall on their property to divert as much surface water as possible away from Wong's property.

¶3 In May 2015, a trench was dug alongside the retaining wall to further divert surface water along the wall. The Maneages also installed water barrels and gutters to collect runoff from their roof; resurfaced their driveway to collect water; and re-crowned Wong's private driveway to control water runoff. While visiting her property in August 2015, Wong documented ponding where mud and straw washed onto her property after a week of rainfall. Ponding on all sides of the garage and water inside the garage was also documented after a "torrential" rainfall in June 2016.

¶4 Wong filed suit alleging that the Maneages' construction of a new home altered the landscape and elevation of their property in relation to Wong's property, causing a private nuisance that is intentional and unreasonable. The parties filed competing motions for summary judgment. The circuit court granted

summary judgment in favor of the Maneages and dismissed Wong's action with prejudice. Wong now appeals.

## DISCUSSION

¶5 Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. WIS. STAT. § 802.08(2) (2017-18). We review a circuit court's decision on summary judgment de novo, applying the same standard as the circuit court. *Hardy v. Hoefferle*, 2007 WI App 264, ¶6, 306 Wis. 2d 513, 743 N.W.2d 843. Further, whether there is a legal basis for a nuisance claim is a question of law subject to de novo review. *Stunkel v. Price Elec. Co-op.*, 229 Wis. 2d 664, 668, 599 N.W.2d 919 (Ct. App. 1999).

¶6 The first step in any nuisance analysis is to determine whether a nuisance actually exists. *Physicians Plus Ins. Corp. v. Midwest Mut. Ins. Co.*, 2002 WI 80, ¶27, 254 Wis. 2d 77, 646 N.W.2d 777. It is imperative, however, to distinguish between a nuisance and liability for a nuisance, "as it is possible to have a nuisance and yet no liability." *Milwaukee Metro. Sewerage Dist. v. City of Milwaukee*, 2005 WI 8, ¶25, 277 Wis. 2d 635, 691 N.W.2d 658.

¶7 Where, as here, a private nuisance is alleged, one is subject to liability only if his or her conduct "is a legal cause of an invasion of another's interest in the private use and enjoyment of land, and the invasion is either (a) intentional and unreasonable, or (b) unintentional and otherwise actionable under the rules controlling liability for negligent … conduct." *See id.*, ¶32; *see also* RESTATEMENT (SECOND) OF TORTS § 822 intro. note (AM. LAW INST. 1979).

3

¶8      In this case, Wong alleged a nuisance under the intentional and unreasonable theory.  An invasion of another's interest in the use and enjoyment of land is intentional if the actor "acts for the purpose of causing it," or "knows that it is resulting or is substantially certain to result from his [or her] conduct." *Vogel v. Grant-Lafayette Elec. Co-op.*, 201 Wis. 2d 416, 430, 548 N.W.2d 829 (1996).  An intentional invasion of another's interest in the use and enjoyment of land is unreasonable if the gravity of the harm outweighs the utility of the actor's conduct, or if the harm caused by the conduct is serious, but the burden of compensating the person whose interests are interfered with is not significant enough to cause cessation of the conduct.  *See Crest Chevrolet-Oldsmobile-Cadillac, Inc. v. Willemsen*, 129 Wis. 2d 129, 139, 384 N.W.2d 692 (1986).

¶9      In determining the gravity of the harm, it is important to consider the extent of the harm involved; the character of the harm involved; the social value that the law attaches to the type of use or enjoyment invaded; the suitability of the particular use or enjoyment invaded to the character of the locality; and the burden on the person harmed of avoiding the harm.  *Id.* at 141.  Relevant to the instant matter, Wisconsin's "reasonable use rule" provides that "each possessor is legally privileged to make a reasonable use of his [or her] land, even though the flow of surface waters is altered thereby and causes some harm to others, but incurs liability when his [or her] harmful interference with the flow of surface waters is unreasonable." *State v. Deetz*, 66 Wis. 2d 1, 14, 224 N.W.2d 407 (1974) (citation omitted).

¶10      In her brief, Wong raises several challenges to the order granting summary judgment, including an attempt to create issues of material fact that would render summary judgment inappropriate.  We assume, without deciding, that Wong showed that the Maneages' conduct caused water to flow onto her

property,[1] that this water flow invaded Wong's interest in the use and enjoyment of her property,[2] and that the interference was intentional. The material facts that remain undisputed, however, fail to establish, as a matter of law, that the interference was unreasonable.

¶11 As the circuit court noted, the Maneages' decision to build a four-season home to replace their three-season cabin was a reasonable use of their property. Undisputed evidence regarding the reasonableness of the Maneages' conduct included, among other things: (1) the Maneages' full and careful compliance with all zoning and other ordinances, laws or regulations; (2) the mitigation steps they took, and the costs they expended in relation thereto; (3) their evidence showing that, apart from two of the three occasions documented by Wong, they did not personally observe ponding on Wong's property regardless of the amount of rainfall; and (4) the fact that Wong purchased her property without knowing that it was located in a floodplain.

¶12 Again assuming the construction of the Maneages' home altered the flow of surface water onto Wong's property, she provides no evidence—photographic or otherwise—to establish that either she or her property suffered any harm apart from ponding on three occasions and flooding in the garage on one occasion as a result of an invasion of surface water flowing from the Maneages' property onto her property. Wong did not claim any damage to the garage roof

---

[1] We will assume this fact even though there is a genuine question as to whether a diversion of water due to the Maneages' activities even occurred.

[2] We will assume this fact even though Wong specifically admitted during her deposition that she has never lost the use and enjoyment of her property due to the ponding.

shingles, roof trusses, walls, windows, or doors, nor did she observe any new damage to the garage that was not pre-existing.

¶13     Based on this record and the undisputed facts, Wong failed to show "serious" or "grave" harm, and any harm that may have resulted from the few documented incidents of water in and around the garage does not "outweigh[] the utility of the [Maneages'] conduct" in constructing a new home on their property. *See **Crest Chevrolet-Oldsmobile-Cadillac, Inc.**,* 129 Wis. 2d at 139.     No reasonable fact finder could conclude otherwise on this record.     Because the undisputed facts do not establish an unreasonable interference with Wong's property, her private nuisance claim necessarily fails.     The circuit court, therefore, properly determined that the Maneages were entitled to judgment as a matter of law.

        *By the Court.*—Order affirmed.

        This opinion will not be published.     *See* WIS. STAT. RULE 809.23(1)(b)5. (2017-18).

6